**J.D. BERRY, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A05–0809–CR–564.

Court of Appeals of Indiana.

April 17, 2009.

Taffanee K. Keys, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Shelley M. Johnson, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

BARNES, Judge.

### Case Summary

J.D. Berry appeals the imposition of a one-year-sentence following the revocation of his probation. We affirm.

### Issue

Berry raises one issue, which we restate as whether the trial court was required to provide a sentencing statement when it ordered him to serve a portion of the remainder of his sentence.

### Facts

On March 24, 2004, the State charged Berry with Class B felony burglary, Class D felony theft, and Class A misdemeanor criminal mischief. Berry pled guilty to Class B felony burglary, and the remaining charges were dismissed. Berry was sentenced to ten years, with two years suspended to probation. On May 23, 2007, Berry began serving his two years of probation.

On February 25, 2008, the probation department filed a notice of probation violation alleging that Berry had three positive drug screens. On July 10, 2008, an amended notice of probation violation was filed alleging six more positive drug screens. On August 20, 2008, a second amended notice of probation violation was filed alleging yet another positive drug screen. On August 21, 2008, at a probation violation hearing, Berry admitted to the most recent allegation. The trial court, without elaboration, ordered Berry to serve one year in the Department of Correction ("DOC"). Berry now appeals.

### Analysis

Berry argues that the trial court abused its discretion in ordering him to serve one year in the DOC without issuing a detailed sentencing statement. "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State,* 878 N.E.2d 184, 188 (Ind.2007). "The trial court determines the conditions of probation and may revoke probation if the conditions are violated." *Id.* (citing Indiana Code Section 35–38–2–3). A trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. *Id.* "An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances." *Id.* Upon the revocation of probation, the trial court may: (1) continue the person on probation, with or without modifying or enlarging the conditions; (2) extend the person's probationary period for not more than one year beyond the original probationary period; and (3) order execution of all or part of the sentence that was suspended at the time of initial sentencing. Ind.Code § 35–38–2–3(g).

Citing *Anglemyer v. State,* 868 N.E.2d 482, 490–91 (Ind.2007), Berry argues that the trial court abused its discretion by not issuing a sentencing statement when it sentenced him on the probation revocation. *Anglemyer,* however, applies to the imposition of an initial sentence—not a sentence imposed following the revocation of probation. Here, the trial court reinstated a portion of an already imposed sentence, which Berry cannot collaterally attack. *See Stephens v. State,* 818 N.E.2d 936, 939 (Ind.2004) (observing that a defendant cannot collaterally attack a sentence on appeal from a probation revocation). Berry has not established that the trial court abused its discretion by not issuing a sentencing statement.

### Conclusion

A trial court is not required to issue a detailed sentencing statement when reinstating a portion of an already imposed sentence. We affirm.

Affirmed.

BAKER, C.J., and MAY, J., concur.