**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MICHAEL P. QUIRK**
Muncie, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JEFFREY S. TAYLOR, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 18A02-1404-CR-266 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE DELAWARE CIRCUIT COURT
The Honorable Marianne Vorhees, Judge
Cause No. 18C01-0901-FC-1

**December 11, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Jeffrey Taylor ("Taylor") appeals the Delaware Circuit Court's decision to order Taylor to serve his previously suspended four-year sentence in the Indiana Department of Correction following the revocation of his probation.

We affirm.

**Facts and Procedural History**

In 2010, Taylor pleaded guilty to Class C felony non-support of a child. On June 28, 2010, the trial court sentenced him to four years but suspended the entire sentence and placed him on supervised probation.

On February 13, 2013, the State filed a petition requesting revocation of Taylor's supervised probation. The petition alleged that Taylor had not been in contact with his probation officer since August 22, 2012, that he failed to appear for an administrative hearing, and that he made only three child support payments from July 2012 to February 2013. Taylor failed to appear for the March 13, 2013 revocation hearing, and a warrant was issued for his arrest. Taylor was arrested on March 20, 2013. He later admitted the allegations in the State's petition at a fact-finding hearing held on May 15, 2013. The trial court released Taylor back to supervised probation.

Taylor's probation officer requested a review hearing in August 2013 because Taylor had not made child support payments as ordered. A hearing was scheduled for September 9, 2013. At the hearing, Taylor informed the court that he had been injured and was suffering from seizures; therefore, he had applied for disability. The trial court ordered Taylor to report to his probation officer every other week beginning September 18, 2013. Appellant's App. p. 11.

2

Taylor failed to report to probation on September 18, 2013. The State filed a second petition to revoke Taylor's probation on October 25, 2013. In addition to his failure to report, the State alleged that Taylor last paid child support on April 26, 2013. Taylor admitted to the allegations at the February 12, 2014 hearing.

At the dispositional hearing on March 19, 2014, the trial court noted that while on probation for nearly four years, Taylor made minimal child support payments and failed to maintain employment. The court found that during the nearly four-year period of supervised probation, Taylor's child support arrearage had almost doubled from $19,000 to $37,000. Tr. p. 34. The trial court therefore ordered Taylor to serve his previously suspended four-year sentence in the Indiana Department of Correction. Taylor now appeals.

**Discussion and Decision**

"Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." Berry v. State, 904 N.E.2d 365, 366 (Ind. Ct. App. 2009). "Probation revocation is a two-step process. First, the court must make a factual determination that a violation of a condition of probation actually has occurred. If a violation is proven, then the trial court must determine if the violation warrants revocation of the probation." Sanders v. State, 825 N.E.2d 952, 955 (Ind. Ct. App. 2005), trans. denied. If a defendant's probation is revoked, the trial court may apply one or more of the following sanctions:

> (1) Continue the person on probation, with or without modifying or enlarging the conditions.

3

(2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.
(3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

Ind. Code § 35-38-2-3(h).

A trial court's sentencing decision in a probation revocation hearing is reviewed for an abuse of discretion. Puckett v. State, 956 N.E.2d 1182, 1186 (Ind. Ct. App. 2011). "An abuse of discretion occurs if the trial court's decision is against the logic and effect of the facts and circumstances before the court." Id.

Taylor concedes that he violated his probation but argues that the trial court abused its discretion when it ordered him to serve his previously suspended four-year sentence. Specifically, Taylor claims that he took "extreme measures to fulfill his obligations and the trial court completely ignored these mitigating factors."[1] Appellant's Br. at 8.

Taylor intended to fulfill his child support obligation by taking a class to become a union crane operator and by applying for disability. Taylor also emphasizes the fact that during the three weeks he was on home detention prior to the March 19, 2014 dispositional hearing, he made one $30 partial child support payment. Tr. p. 27. Finally,

---

[1] Taylor also claims that it is "inappropriate for the trial court to execute [his] entire four year sentence to the Indiana Department of Correction in light of the nature of the offense, based on the fact that [Taylor] complied with every rule of probation except the payment of child support and the payment of his probation fees and costs." Appellant's Br. at 5. Within the context of a probation revocation, it is well settled that the Indiana Appellate Rule 7(B) standard for reviewing whether a defendant's sentence is inappropriate "is not the correct standard to apply when reviewing a trial court's actions" because the action "is not a criminal sentence as contemplated by the rule." See Jones v. State, 885 N.E.2d 1286, 1290 (Ind. 2008); Prewitt v. State, 878 N.E.2d 184, 187-88 (Ind. 2007).

4

Taylor testified that when the weather improved, he would begin working for Taylor Construction at a weekly wage of "probably" $500. Tr. p. 26.

However, Taylor ignores the fact that in nearly four years of supervised probation, his child support arrearage nearly doubled from $19,000 to $37,000. Taylor is an epileptic and blames medical issues for his failure to pay child support but references only a two-week hospital stay in 2013. Taylor was given numerous opportunities to comply with the court's order to pay his child support and failed to do so. For all of these reasons, we conclude that the trial court did not abuse its discretion when it ordered Taylor to serve his previously suspended four-year sentence in the Department of Correction.

Affirmed.

RILEY, J. and CRONE, J. concur.