## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 14 2015, 8:19 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Kenneth I. Sondik | Gregory F. Zoeller |
| Indianapolis, Indiana | Attorney General of Indiana |
| | Angela N. Sanchez |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Daniel R. Jones, | July 14, 2015 |
| *Appellant-Defendant,* | Court of Appeals Case No. 29A05-1502-CR-83 |
| v. | Appeal from the Hamilton Superior Court |
| State of Indiana, | The Honorable William J. Hughes, Judge |
| *Appellee-Plaintiff.* | Cause No. 29D03-0810-FB-421 |

**Najam, Judge.**

# Statement of the Case

Daniel R. Jones appeals his sentence following the revocation of his probation. He presents a single issue for our review, namely, whether the trial court abused its discretion when it ordered him to serve all nineteen years of his previously suspended nineteen-year sentence.

We affirm.

# Facts and Procedural History

In September 2008, Jones hit a man and broke his jaw in the course of a "barroom brawl." Supp. Tr. at 13. As a result, in 2009, Jones pleaded guilty to aggravated battery, a Class B felony. At sentencing, the trial court stated in relevant part as follows:

> Mr. Jones, your record establishes that you have a history of criminal or delinquent behavior. It establishes that you have a history of criminal behavior that's associated with substance usage. You have a history of engaging in violent criminal behavior towards other people when in substance [sic]. You have also a history of smaller property crimes. If I look only at your history, I'm going to tell you it speaks louder than the words you give me today that it is quite likely, quite probable, quite expected that you'll commit another criminal offense. This offense was committed while you were facing major felony charges in Superior 1, [which] for some unknown reason took four years to get resolved. But you were on bond there when this happened. Your history is your history, can't change it, won't change it, speaks loudly, and indicates that you are a crime waiting to happen.

. . . I'm only looking at your convictions, the ones where you either pled guilty or were convicted of, as being a determinant of an aggravating factor. But it is an aggravating factor.

\* \* \*

Mr. Jones, I want you to know with your record I could send you to prison for 20 years. Nobody would reverse me. Nobody would disagree with me. And you'd sit on a dungy [sic] for 20 years. I want you to understand that. It's time for you to get a clue through here. You pretty much reached the end of your rope. You pretty much reached the end of what you can get by with, and any slip up at this point in time is going to be painful beyond imagination. A 20 year sentence means you'll next see your daughter, you'll next get to hold her and to talk to her and to be a part of her life when she's in middle school. Understand that and change your criminal ways.

\* \* \*

Now, in my estimation this is a case that you should do some heavy prison time for. You broke a man's face. You broke a man's face. You did that, Mr. Jones. And there was no reason for you to do that. You weren't even standing next to the guy. You didn't need to break his face. But if I give you what I think is appropriate here and have to make it consecutive to Superior Court 1, then I think there's a high risk that I take maybe the one last chance that you say you finally got the message and I turn you into a hardened criminal, because you'll come back. You're going to come back. You're going to be in this community and you're going to continue to wreak havoc. So I'm not going to do that today because if I do that today, I don't have an opportunity to back off of it because I only get you once. But I want you to understand something, Mr. Jones. I'm going to be giving you a very, very, very, very, very long and heavy suspended sentence, as long as I can under the terms of this plea. And you have my promise that if you lied to me today about changing your life and

you're back here, and you will be, I won't have any problem sending you away so that you don't see your little girl until she's in middle school. . . . So now that I've had my say and my little tirade and you've heard what I've had to say, and thank you for listening, and so you know where I'm coming from I'll tell you what your sentence is going to be.

So you have 20 years at the Indiana Department of Correction[]. I'm suspending all but one year of that. I'm requiring that one year be served on work release and I'm requiring that that be served consecutive to the Superior Court 1 case. I'm placing you on probation for ten years. . . . *You have my word as long as I sit on this bench, you so much as violate by a whisper one of those rules and it puts anybody in this community at risk, you will do 19 years. Don't challenge me. Don't test me. I'm not threatening you. I'm not trying to intimidate you. I am giving you a promise. I won't forget this sentence. I won't forget that promise. And that's what's going to happen.*

*Id.* at 46-53 (emphasis added).[1]

[4] During the early morning hours of February 1, 2014, Jones was drinking with friends at a bar in Noblesville and became intoxicated. At some point, Jones exited the bar and vomited on a sidewalk. A group of men standing nearby saw Jones vomiting and started laughing. Jones became angry and, approaching one of the men, Michael Withrow, Jones said, "Who's got the big mouth?" Tr. at 22. Jones drew close to Withrow and said, "Was it you, bitch?" *Id.* Withrow pushed Jones to the ground. Then a woman "c[ame] out of nowhere

---

[1] Jones has not included in his appendix on appeal a presentence investigation report or other document showing the details of his criminal history.

and blast[ed Withrow] right upside the head." *Id.* at 23. At some point, Jones got up and "came back after [Withrow] throwing punches." *Id.* at 47. At some point, Withrow was "knocked out cold, unconscious" and appeared to be having a seizure. *Id.* at 11. Jones crouched down over Withrow and said, "Ah, did you get knocked out?" *Id.* at 12. Jones then "proceeded to hit [Withrow] with both arms, with winding[-]up[,] closed[-]fist punches to his head." *Id.* Eventually, police officers arrived and arrested Jones. Withrow was hospitalized for his injuries, including brain hemorrhaging. Withrow spent two days in the intensive care unit and one or two more days in the hospital before being released.

[5] On February 6, 2014, the State filed a notice of probation violation alleging that Jones had committed new criminal offenses, namely, battery, as a Class C felony, and three counts of battery, as Class A misdemeanors. Following a hearing, the trial court found that Jones had violated his probation, and the court ordered that Jones serve all nineteen years of his suspended sentence in the Department of Correction. This appeal ensued.

## Discussion and Decision

[6] Jones contends that the trial court abused its discretion when it ordered him to serve all nineteen years of his suspended sentence in the Department of Correction. Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). The trial court determines the conditions of probation and

may revoke probation if the conditions are violated. Ind. Code § 35-38-2-3. Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed. *Prewitt*, 878 N.E.2d at 188. If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants. *Id.* Accordingly, a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. *Id.* An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

[7] Indiana Code § 35-38-2-3(h) sets forth a trial court's sentencing options if it finds a probation violation and provides:

> If the court finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period, the court may impose one (1) or more of the following sanctions:
>
> (1) Continue the person on probation, with or without modifying or enlarging the conditions.
>
> (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.
>
> (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

[8] Here, Jones does not challenge the finding that he violated his probation. Rather, he argues that the sanction imposed was not warranted and should be revised. In particular, Jones maintains that the trial court's "actions [in

imposing sentence] have a perfunctory feel" in that the court had "promised" to impose the nineteen-year sentence if Jones violated his probation and the court "offered no explanation as to why *no other prison sentence* . . . would be satisfactory." Appellant's Br. at 8 (emphasis original). Jones also contends that his sentence is "unjust and unreasonable and constitute[s] an abuse of discretion." *Id.* at 10.

[9]     First, it is well settled that when we review a trial court's decision to order a defendant's previously suspended sentence to be executed after revoking probation, we will not review the propriety of an original sentence. *Abernathy v. State*, 852 N.E.2d 1016, 1020 (Ind. Ct. App. 2006). So, to the extent Jones contends that the nineteen-year suspended sentence originally imposed was unreasonable, that contention must fail.[2]

[10]    Second, the trial court is not obligated to explain its reasons for imposing sentence pursuant to Indiana Code Section 35-38-2-3(h). *See, e.g.*, *Berry v. State*, 904 N.E.2d 365, 366 (Ind. Ct. App. 2009) (holding trial court not required to issue detailed sentencing statement when reinstating a portion of an already imposed sentence). Again, the trial court has discretion under Indiana Code Section 35-38-2-3(h) to impose all of a suspended sentence after probation is revoked. Jones does not challenge any part of the trial court's 2009 sentencing statement, including the court's characterization of Jones' criminal history or

---

[2] Likewise, we do not review sentences imposed after the revocation of probation under Indiana Appellate Rule 7(B). *See Jones v. State*, 885 N.E.2d 1286, 1290 (Ind. 2008).

the court's statement that Jones deserved "heavy prison time" for the 2008 aggravated battery. Supp. Tr. at 49. And Jones' probation violation was not a mere technical violation but a significant violation which resulted in severe injuries to his victim. Given Jones' criminal history and that he, while on probation for aggravated battery, punched an unconscious man in the head, we cannot say that the trial court abused its discretion when it ordered Jones to serve all of his nineteen-year suspended sentence in the Department of Correction.

[11] Affirmed.

Baker, J., and Friedlander, J., concur.