## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Plainfield, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kyle E. Marvel,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

October 8, 2015

Court of Appeals Case No.
84A01-1503-CR-116

Appeal from the Vigo Superior Court

The Honorable David R. Bolk, Judge

Trial Court Cause Nos.
84D03-1208-FC-2583
84D03-1012-FB-4037

**Pyle, Judge.**

# Statement of the Case

Kyle E. Marvel ("Marvel") appeals from the revocation of his probation in two separate cause numbers. Marvel pled guilty to Class C felony battery[1] in one cause ("battery cause") and to Class B felony burglary[2] in another cause ("burglary cause"), and his plea agreement set forth the sentence to be imposed in both causes. The trial court sentenced him, pursuant to his plea agreement, to consecutive sentences of five years with two years executed on work release and three years suspended to formal probation in the battery cause and to six years with all six years suspended and four years on informal probation in the burglary cause.

While on probation, Marvel committed another crime and possessed a shotgun in violation of the terms of his probation. In a consolidated hearing, the trial court: (1) revoked Marvel's probation in the battery cause and ordered him to serve all of his previously suspended three-year sentence; (2) revoked Marvel's probation in the burglary cause and ordered him to serve three years of his previously suspended six-year sentence and to serve the remaining three years

---

[1] IND. CODE § 35-42-2-1. We note that, effective July 1, 2014, a new version of this battery statute was enacted and that Class C felony battery is now a Level 5 felony. Because Marvel committed this crime in 2012, we will refer to the statute in effect at that time.

[2] I.C. § 35-43-2-1. A new version of this burglary statute was enacted on July 1, 2014, and Class B felony burglary is now a Level 4 felony. Because Marvel committed this crime in 2010, we will refer to the statute in effect at that time.

on formal probation; and (3) ordered him to serve the executed portions of these previously suspended sentences consecutively.

[3] In this consolidated appeal, Marvel does not challenge the revocation of his probation or the trial court's decision that he serve some of his previously suspended sentences in both causes. Instead, he contends that this case should be remanded because the trial court (1) erroneously believed that it was required to order him to serve the executed portion of his two revoked sentences consecutively; and (2) the trial court had authority to sentence him to concurrent sentences. Because Marvel's original sentencing order provided that he serve the two sentences consecutively, we conclude that the trial court did not abuse its discretion when it revoked Marvel's probation and ordered the executed portion of his two previously suspended sentences to be served consecutively.

[4] We affirm.

## Issue

Whether the trial court abused its discretion by ordering Marvel to serve the executed portion of his two previously suspended sentences consecutively.

## Facts

[5] In December 2010, the State charged Marvel with Class B felony burglary and Class D felony theft in Cause 84D03-1012-FB-4037 ("Cause 4037"). In November 2011, Marvel tendered a plea of guilty to the Class B felony burglary charge under an "Adult Mental Health Deferral Agreement" ("mental health

deferral agreement"). (App. 114). Under this agreement, the trial court deferred entry of Marvel's judgment of conviction contingent upon his successful participation in a mental health program.

[6] However, prior to completing the mental health program, Marvel violated the terms of the mental health deferral agreement when he committed a new offense of battery in August 2012. Thereafter, the State filed a motion to revoke Marvel's mental health deferral agreement and to enter judgment of conviction in Cause 4037. The State also charged Marvel with Class C felony battery resulting in bodily injury in Cause 84D03-1208-FC-2583 ("Cause 2583").

[7] In February 2013, Marvel entered into a written plea agreement and pled guilty as charged in Cause 2583. Under the terms of his plea agreement, Marvel also admitted that he had violated the mental health deferral agreement in Cause 4037. Additionally, he agreed to accept the State's sentencing recommendations set forth in the plea agreement, which called for Marvel to be sentenced as follows: (1) in Cause 2583, to a sentence of five years with two years executed on work release and three years suspended to formal probation; (2) in Cause 4037, to a sentence of six years with all six years suspended and four years on informal probation; and (3) the sentences in Cause 2583 and Cause 4037 were to be "served consecutively as required by law." (App. 31). Thereafter, the trial court entered judgments of conviction in both causes and sentenced Marvel as set forth in the plea agreement.

[8] On January 5, 2015, the State filed a notice of probation violation, alleging that Marvel had violated his probation in both causes by: (1) committing the misdemeanor offense of unlawful possession of drug paraphernalia in Illinois in August 2014; (2) committing the offenses of Level 4 felony unlawful possession of a firearm by a serious violent felon and Level 6 felony dealing in a sawed-off shotgun in Indiana on December 11, 2014; (3) possessing a firearm in violation of probation rules; and (4) consuming alcohol in violation of probation rules.

[9] On January 25, 2015, the trial court held a consolidated hearing on Marvel's probation revocation in Cause 2583 and Cause 4037. During the hearing, the State admitted, without objection, a copy of the criminal complaint, guilty plea, and judgment of conditional discharge from Marvel's Illinois offense. The State also presented testimony from Marvel's probation officer, who testified that, during a probation meeting, Marvel admitted to her that he had a shotgun. Marvel told the probation officer that the police had found the shotgun when the officers went to his grandparents' house on a domestic disturbance call.[3] The State also presented testimony from one of the responding police officers, who testified that the gun found in the house was a sawed-off twelve-gauge shotgun.

[10] The trial court determined that Marvel had violated his probation in both causes by committing a subsequent criminal offense in Illinois and by

---

[3] Marvel's grandparents had called police to report a fight between Marvel and his girlfriend.

possessing a firearm while on probation. For Cause 2583, the trial court ordered Marvel to serve the balance of his previously suspended three-year sentence in the Department of Correction ("DOC"). For Cause 4037, the trial court ordered him to serve three years of his previous six-year suspended sentence in the DOC and to serve the remaining three years on formal probation. The trial court ordered that the executed time of the previously suspended sentences be served consecutively and informed Marvel that he would, therefore, be required to serve a total of six years in the DOC. Marvel now appeals.

## Decision

[11] Marvel argues that the trial court erred by ordering him to serve the executed portion of his two previously suspended sentences consecutively.

[12] "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). The trial court determines the conditions of probation and may revoke probation if the conditions are violated. *Id.*; *see also* IND. CODE § 35-38-2-3(a). Upon determining that a probationer has violated a condition of probation, the trial court "may impose one (1) or more of the following sanctions:"

> (1) Continue the person on probation, with or without modifying or enlarging the conditions.

> (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.

> (3) Order execution of all or part of the sentence that was
> suspended at the time of initial sentencing.

I.C. § 35-38-2-3(h). "Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed." *Prewitt*, 878 N.E.2d at 188. "If this discretion were not given to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants." *Id.* As a result, we review a trial court's sentencing decision from a probation revocation for an abuse of discretion. *Id.* (citing *Sanders v. State*, 825 N.E.2d 952, 956 (Ind. Ct. App. 2005), *trans. denied*). An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

[13] Marvel does not challenge the revocation of his probation. Nor does he challenge the trial court's decision that he serve all or part of his previously suspended sentences in both causes. Instead, Marvel contends that this case should be remanded because the trial court "erroneously believed" that it was required to order him to serve the executed portion of his two revoked sentences consecutively. (Marvel's Br. 3). Marvel's argument seemingly stems from the trial court's sentencing orders for both causes, in which the trial court stated that the sentences for Cause 2583 and Cause 4037 "shall be served consecutively as required by law, for a total sentence of six (6) years followed by three (3) years of formal probation." (App. 62,181). Marvel acknowledges

that, under INDIANA CODE § 35-50-1-2(d)(1),[4] the trial court was required, in its original sentencing hearing, to order his sentences in Cause 2583 and Cause 4037 to be served consecutively.[5]  He contends, however, that in this probation revocation proceeding, the trial court had discretion to order him to serve his executed portion of his two revoked sentences concurrently, rather than consecutively.  Specifically, Marvel asserts that INDIANA CODE § 35-38-2-3— the statute pertaining to sanctions that a trial court may impose upon finding that a defendant has violated a condition of probation—should be read to grant a trial court the authority to order concurrent sentences upon a probation revocation.  He reasons that if INDIANA CODE § 35-38-2-3 provides a trial court with "discretion to do nothing at all about the [probation] violation, then it also has the discretion to run any executed time it does impose concurrent with other sentences."  (Marvel's Br. 3).

---

[4] At the time of Marvel's original sentencing, INDIANA CODE § 35-50-1-2(d)(1) provided:

> If, after being arrested for one (1) crime, a person commits another crime:
>
>> (1) before the date the person is discharged from probation, parole, or a term of imprisonment for the first crime; or
>>
>> (2) while the person is released:
>>
>>> (A) upon the person's own recognizance; or
>>>
>>> (B) on bond;
>
> the terms of imprisonment for the crimes *shall* be served consecutively, regardless of the order in which the crimes are tried and sentences are imposed.

(Emphasis added).  This consecutive sentencing provision can be currently found at INDIANA CODE § 35-50-1-2(e)(1).

[5] Although not mentioned by Marvel, his plea agreement also called for his sentences to be served consecutively.

[14]     First, we do not agree with Marvel's assertion that INDIANA CODE § 35-38-2-3 should be read to include authority for a trial court to impose concurrent sentencing. Such a reading is incompatible with the plain language of this statute, and we will not interpret it beyond its plain language. *See Pierce v. State*, 29 N.E.3d 1258, 1265 (Ind. 2015) ("When the statutory language is clear and unambiguous, we give effect to its plain and ordinary meaning.").

[15]     Nor do we agree with Marvel's contention that the trial court could make a change to the original sentencing order in a probation revocation hearing and order him to serve the executed portion of his two revoked sentences concurrently, rather than consecutively. Such argument is based on the incorrect supposition that a trial court has discretion to sentence—or in this case, impose concurrent sentences—at a probation revocation proceeding. A trial court, however, does not "sentence" a defendant in a probation revocation proceeding. As our Indiana Supreme Court has explained:

> [T]he action taken by a trial court in a probation revocation proceeding is not a "sentencing." The court is merely determining whether there has been a violation of probation and, if so, the extent to which the court's conditional suspension of the original sentence should be modified and/or whether additional conditions or terms of probation are appropriate.

[16]     *Jones v. State*, 885 N.E.2d 1286, 1289 (Ind. 2008). In other words, a trial court's sentence determination in a probation revocation proceeding is a reinstatement of an already imposed sentence, which cannot be collaterally attacked. *See Berry v. State*, 904 N.E.2d 365, 366 (Ind. Ct. App. 2009) (citing *Stephens v. State*,

818 N.E.2d 936, 939 (Ind. 2004) (observing that a defendant cannot collaterally attack a sentence on appeal from a probation revocation)).

[17] At the time of Marvel's original sentencing hearing, the trial court was required—under both INDIANA CODE § 35-50-1-2(d)(1) and the terms of Marvel's plea agreement—to order his sentences under Cause 2583 and Cause 4037 to be served consecutively. Here, in this probation revocation proceeding, the trial court was merely required to determine whether there was a violation of Marvel's probation and the extent to which the suspended portion of his original sentences would be served. *See id.* The trial court did so, determining that Marvel had violated his probation and ordering him to serve the balance of his previously suspended sentence in Cause 2583 and to serve three years of the six years previously suspended in Cause 4037. Accordingly, the trial court did not abuse its discretion by ordering Marvel to serve the executed portion of his previously suspended sentences consecutively where the original sentencing provided that they be served consecutively. For the foregoing reasons, we affirm the trial court's revocation of Marvel's probation in both Cause 2583 and Cause 4037.

[18] Affirmed.

Vaidik, C.J., and Robb, J., concur.