## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 28 2016, 8:46 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jerry T. Drook
Marion, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Paula J. Beller
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Edward Flynn, | November 28, 2016 |
| *Appellant-Defendant,* | Court of Appeals Case No. 27A02-1605-CR-1027 |
| v. | Appeal from the Grant Superior Court |
| State of Indiana, | The Honorable Dana J. Kenworthy, Judge |
| *Appellee-Plaintiff.* | Trial Court Cause No. 27D02-1101-FB-8, 27D02-1601-F6-4 |

**Altice, Judge.**

## Case Summary

[1] Edward Flynn admitted that he violated the terms of his probation by committing new criminal offenses. On appeal, he argues that the trial court abused its discretion in ordering that he serve 2 years and 333 days of his previously suspended six-year sentence.

[2] We affirm.

**Facts & Procedural History**

[3] On September 12, 2011, Flynn pled guilty to two counts of robbery as Class C felonies under Cause No. 27D02-1101-FB-8 (FB-8). The trial court sentenced him to an aggregate term of ten years with four years served in the Department of Correction (DOC) and six years suspended to probation.

[4] On July 12, 2015, while on probation for his convictions in FB-8, Flynn was charged under Cause No. 27H01-1503-CM-113 (CM-113) with two counts of Class A misdemeanor domestic battery, and ultimately pled guilty to one count. The trial court withheld judgment.

[5] On January 3, 2016, while still on probation for his convictions in FB-8, Flynn battered his wife of one year, Melissa Craig, and her five-year-old son. Flynn was arrested and subsequently charged under Cause No. 27D02-1601-F6-4 (F6-4) with domestic battery in the presence of a child, a Level 6 felony, and battery on a child less than 14 years of age, a Level 6 felony. The trial court also issued a no-contact order in favor of Craig and her three children. Between January 15 and February 29, 2016, Flynn made 169 completed phone calls from jail to

Craig's phone number. At the sentencing hearing, Craig admitted that Flynn had spoken to her and her five-year-old son. Based upon these telephone calls, the State amended the charging information in F6-4 to add three counts of Class A misdemeanor invasion of privacy.

[6] On January 8, 2016, the State filed a petition to revoke Flynn's probation under FB-8 based on the commission of additional crimes under CM-113 and F6-4. On March 4, 2016, Flynn pled guilty under F6-4 to the three counts of invasion of privacy, and the State dismissed the domestic battery and battery charges. Flynn also admitted to violating his probation under FB-8. At the sentencing hearing, Flynn presented testimony from his wife and seventeen-year-old step-son regarding the hardship incarceration would pose on his family. Flynn's adoptive mother also testified about his rough childhood and that Flynn had been diagnosed and treated for mental health problems. Thereafter, the trial court sentenced Flynn to one year suspended to supervised probation on each of the invasion of privacy convictions and ordered such sentences to be served consecutive to the sentence in FB-8. With regard to the probation violation, the trial court ordered Flynn committed to the DOC for 2 years and 333 days of his remaining suspended sentence in FB-8. Flynn now appeals. Additional facts will be provided as necessary.

## Discussion & Decision

[7] Flynn argues that the trial court abused its discretion when it ordered him to serve 2 years and 333 days of his previously suspended sentence in the DOC as a result of his probation violation.

[8] Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled. *Sanders v. State*, 825 N.E.2d 952, 955 (Ind. Ct. App. 2005), *trans. denied*. Where a trial court has exercised its grace by granting a defendant probation in lieu of incarceration, it has considerable leeway in deciding how to proceed when the defendant then violates the conditions of his probation. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). Thus, the sanction imposed by the trial court upon a finding of a probation violation is reviewed on appeal for an abuse of discretion. *Brandenburg v. State*, 992 N.E.2d 951, 953 (Ind. Ct. App. 2013), *trans. denied*. An abuse of discretion occurs where the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Id*.

[9] The court has several alternative sanctions it may impose where it has found that a defendant has violated his probation. One of those sanctions is to order execution of all or part of the sentence that was suspended at the time of initial sentencing. *Id*.; *see also* Ind. Code § 35-38-2-3(h)(3). In doing so, trial courts are not required to balance aggravating and mitigating circumstances. *Treece v. State*, 10 N.E.3d 52, 59 (Ind. Ct. App. 2014), *trans. denied*.

[10]     In arguing that the trial court abused its discretion by failing to consider several of his proffered mitigating circumstances,[1] Flynn relies upon *Anglemyer v. State*, 868 N.E.2d 482, 490-91 (Ind. 2007), *clarified on reh'g* 875 N.E.2d 218. However, as we have held before, *Anglemyer* "applies to the imposition of an initial sentence—not a sentence imposed following the revocation of probation." *Berry v. State*, 904 N.E.2d 365, 366 (Ind. Ct. App. 2009). Flynn has cited no other authority that requires a trial court to give credence to a defendant's proffered mitigating circumstances in deciding its sentencing disposition following a revocation of probation.[2]

[11]     Here, the trial court reinstated a portion of an already-imposed sentence, which Flynn cannot collaterally attack. *See Stephens v. State*, 818 N.E.2d 936, 939 (Ind. 2004) (observing that a defendant cannot collaterally attack a sentence on appeal from a probation revocation). Moreover, we note that the trial court was authorized by statute to order all of Flynn's remaining sentence executed. Instead, the court imposed less than half of the remaining suspended sentence.

---

[1] Flynn's asserted mitigating factors were that incarceration would present a hardship on his family, that he had a difficult childhood, that he had been diagnosed with mental health problems, and that his crime neither caused nor threatened serious harm to persons or property.

[2] Even under the *Anglemyer* standard, a trial court is required to identify only those mitigating circumstances it finds significant. 868 N.E.2d at 490. We note that the trial court expressly indicated it had reviewed the sentencing submission Flynn filed with the court in which he set forth his proffered mitigating factors. We further note that the trial court set out Flynn's sentence in F6-4 and FB-8 immediately following his evidence in support of his proffered mitigating factors. Under these circumstances, it can be inferred that the trial court did not find these mitigating circumstances to be significant.

Flynn has not shown that the trial court abused its discretion in ordering that he serve 2 years and 333 days of his previously suspended sentence.

[12] Judgment affirmed.

[13] Bradford, J., and Pyle, J., concur.