## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 22 2017, 9:41 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Richard C. Webster
Deputy Attorneys General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Robert A. Ellington, III, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff* | March 22, 2017 <br><br> Court of Appeals Case No. 84A01-1608-CR-1755 <br><br> Appeal from the Vigo Superior Court <br><br> The Honorable David R. Bolk, Judge <br><br> Trial Court Cause Nos. 84D03-1508-F5-17871 84D03-1012-FB-3972 |

**Mathias, Judge.**

[1] Robert A. Ellington, III ("Ellington"), was on probation when he pleaded guilty to a drug dealing felony. His probation was revoked, and the balance of his previously suspended sentence was ordered executed in the Department of Correction. Claiming this placement was inappropriate, Ellington appeals.

[2] We affirm.

## Facts and Procedural Posture

[3] In 2012, Ellington pleaded guilty to Class B felony dealing cocaine and Class D felony dealing marijuana ("the 2012 case"). The trial court sentenced Ellington to a ten-year term, with time served executed and the balance suspended to probation. On August 5, 2015, the State charged Ellington with four Level 6 felonies and one Class D misdemeanor for possessing and dealing marijuana, and maintaining a common nuisance ("the 2015 case"). The next day, the State asked for Ellington's probation in the 2012 case to be revoked.

[4] The 2012 and 2015 cases were consolidated, and a plea agreement covering both cases was negotiated. For the 2015 case, Ellington agreed to plead guilty to one count of Level 5[1] felony dealing marijuana in exchange for dismissal of the remaining charges. Ellington agreed to a four-year sentence, reserving the right to argue its terms. For the 2012 case, Ellington agreed to admit violating the

---

[1] The State's charging instruments do not charge a Level 5 felony. However, the State's amended Count IV, the charge to which Ellington pleaded, Appellant's App. p. 184, alleged that Ellington possessed more than thirty grams of marijuana with the intent to deliver it, after a conviction for dealing cocaine. *Id.* p. 17. Level 6 felony possession with intent to deliver, Ind. Code. § 35-48-4-10(c)(2)(A), is elevated to a Level 5 felony with "a prior conviction for a drug dealing offense," *id.* § (d)(1)(A), as Ellington had in the 2012 case.

terms of his probation and to execute the six-year balance of his previously suspended sentence, again reserving the right to argue its terms. The sentences would be served consecutively as required by statute. Ind. Code § 35-50-1-2(e)(1).

[5] On June 28, 2016, the trial court accepted the plea agreement. At a sentencing hearing on July 25, 2016, the trial court heard Ellington's evidence and both parties' arguments on the terms of the six-year sentence in the 2012 case and the four-year sentence in the 2015 case. A presentence investigation report was prepared but does not appear in the record before us.[2] The State sought execution of the six-year term in the Department of Correction and suspension of the consecutive four-year term to probation. Ellington agreed with the State's recommendation as to the suspension of the four-year term but sought placement in community corrections for the six-year term.

[6] In support of community corrections placement, Ellington introduced an evaluation of the Vigo County community corrections program finding him appropriate for such placement and a receipt for payment of the program's initial fees. Ex. Vol., Def.'s Exs. A, p. 4, B, p. 13. Ellington also introduced eight letters from family and friends, including a pastor and a detective of the Indianapolis Metropolitan Police Department, all praising his character and his earnest desire to better his circumstances. *Id.*, Def.'s Ex. A., pp. 5-12. Finally,

---

[2] Ellington's appendix does, however, include the presentence investigation report from the 2012 case.

Ellington's grandmother, with whom he had lived before and hoped to continue to live when placed in community corrections, testified that she would welcome his placement with her and that Ellington needed some help managing his prescribed antianxiety and antidepressant medications. Ellington's father was murdered when Ellington was young, and the presentence investigation report disclosed what the trial court characterized as "mild cognitive issues." Sentencing Tr. p. 18.

[7] Treating the consolidated 2012 and 2015 cases as one de novo sentencing question, the trial court made a detailed statement of the aggravating and mitigating factors it found. In aggravation, the court weighed Ellington's criminal history of seven misdemeanors and two felonies; occasional noncompliance with the courts, including a failure to appear and "disrespectfu[l]" behavior toward his probation officer, *id.* p. 17; and his failure to take advantage of previous opportunities he had been given to avoid incarceration, including arrests while on bond and on probation. In mitigation, the court weighed Ellington's mental health, "significant difficult issues in his youth," *id.* p. 18, and the outpouring of support from those who knew him. The court also considered Ellington's acceptance of responsibility in pleading guilty but gave this little weight, in view of the plea agreement's terms.

[8] The trial court accepted the State's recommendation as to the 2015 case and suspended the four-year term to probation. As to the six-year balance of the sentence in the 2012 case, the trial court committed Ellington to the Department of Correction pending his completion of a "Purposeful

Incarceration"[3] program; "immediately upon successful completion of [the program], . . . the balance of [Ellington's] sentence would be suspended . . . to probation." *Id.* p. 19.

[9]     Ellington now appeals his placement in the Department of Correction as inappropriate in light of the nature of his offense and of his character. The State responds in Dickensian fashion that Ellington "needs a more restrictive environment so that he might reform his character." Appellee's Br. p. 10.

# Discussion and Decision

[10]    We have the power, granted by our constitution and implemented by the Appellate Rules, to "revise a sentence . . . if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B) (implementing Ind. Const. Art. 7, § 6). However, "this is not the correct standard to apply when reviewing a sentence imposed for a probation violation." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). Thus, the remedy

---

[3] "Purposeful Incarceration" is a program instituted by the Department of Correction and our trial courts:

> In 2009 the Indiana Department of Correction (IDOC) began a cooperative project with Indiana Court Systems called Purposeful Incarceration (P.I.). The Department works in collaboration with Judges who can sentence chemically addicted offenders and document that they will "consider a sentence modification" should the offender successfully complete an IDOC Therapeutic community. This supports the Department and Correction and the Judiciary to get addicted offenders the treatment that they need and work collaboratively to support their successful re-entry into society.

*Purposeful Incarceration*, Indiana Department of Correction, http://www.in.gov/idoc/2798.htm (last visited March 2, 2017); *see also Marley v. State*, 17 N.E.2d 335, 338 (Ind. Ct. App. 2014) (discussing same), *trans. denied*.

Ellington seeks is not available to him. *Jones v. State*, 885 N.E.2d 1286, 1290 (Ind. 2008).

[11] Sentences or sanctions imposed for probation violations may be reviewed only for abuse of the sentencing court's discretion. *Id.* Ellington has not expressly or impliedly challenged the sentencing court's exercise of its discretion, and the State argues that the issue is therefore waived. The State is correct. *Jackson v. State*, 992 N.E.2d 926, 933 (Ind. Ct. App. 2013) (waiver of issue for failure to present cogent argument), *trans. denied*. Even were we to review the court's exercise of its discretion, nothing in its careful weighing of aggravating and mitigating factors, nor in its ultimate decision to commit Ellington to the Department of Correction pending completion of a Purposeful Incarceration program, would strike us as clearly against the logic and effect of the facts and circumstances before the court. *Berry v. State*, 904 N.E.2d 365, 366 (Ind. Ct. App. 2009) (standard of review for sentences following probation revocation; analysis of *Anglemyer v. State*, 868 N.E.2d 482 (Ind. 2007) does not apply).

## Conclusion

[12] Appellate Rule 7(B) revision is not available to Ellington. Even if Ellington had argued the trial court abused its discretion, he would not have prevailed. Ellington's sentence is therefore affirmed.

[13] Affirmed.

Baker, J., and Pyle, J, concur.