## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 31 2018, 9:02 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Evan K. Hammond
Marion, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Monika Prekopa Talbot
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Desha A. Richey,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | December 31, 2018<br><br>Court of Appeals Case No.<br>18A-CR-1489<br><br>Appeal from the Grant Superior<br>Court<br><br>The Honorable Jeffrey D. Todd,<br>Judge<br><br>Trial Court Cause No.<br>27D01-1511-F5-131 |

**Mathias, Judge.**

[1]     The Grant Superior Court revoked Desha Richey's ("Richey") probation and ordered her to serve three years executed in the Department of Correction.

Richey appeals and argues that the trial court abused its discretion when it ordered her to serve her previously suspended three-year sentence.

[2] We affirm.

## Facts and Procedural History

[3] In July 2016, Richey pleaded guilty in Grant Superior Court to Level 5 felony possession of a narcotic drug, Level 6 felony unlawful possession of a syringe, and Class C misdemeanor possession of paraphernalia. She was ordered to serve an aggregate four-year sentence, with one year executed in the Department of Correction and three years suspended to supervised probation.

[4] On August 10, 2017, Richey tested positive for marijuana, opiates, and amphetamines. Richey admitted that she had violated her probation. She entered into an agreement with the State to enroll in the "Recovery Matters" inpatient treatment program and continue her probation. Richey enrolled in an inpatient treatment program[1] on September 18, 2017, but she left the program two days later against the advice of her treatment provider. She also failed to report her decision to leave the program and her whereabouts to Grant County Probation.

[5] On September 20, 2017, the State filed a petition to revoke Richey's probation. A fact-finding hearing was held on May 21, 2018. Richey admitted to the

---

[1] Recovery Matters did not have available beds. Therefore, Richey began an inpatient treatment program in Merrillville, Indiana.

allegations in the petition. The trial court found that Richey violated her probation and ordered her to serve her previously suspended three-year sentence in the Department of Correction. The court also recommended Purposeful Incarceration. The trial court indicated it would modify Richey's sentence and return her to probation if she completed Purposeful Incarceration successfully. Richey now appeals.

## Standard of Review

Richey contends that the trial court abused its discretion when it revoked her probation and ordered her to serve her previously suspended three-year sentence. Probation is a matter of grace left to the trial court's sound discretion, not a right to which a criminal defendant is entitled. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). The trial court determines the conditions of probation and may revoke probation if the probationer violates those conditions. *Id.*

The trial court's sentencing decisions for probation violations are reviewable for an abuse of discretion. *Id.* An abuse of discretion occurs where the trial court's decision is clearly against the logic and effect of the facts and circumstances before it or where the trial court misinterprets the law. *Jackson v. State*, 6 N.E.3d 1040, 1042 (Ind. Ct. App. 2014).

## Discussion and Decision

Richey admitted that she violated her probation. Therefore, the trial court had the option of imposing one or more of the following sanctions: (1) continue Richey's probation, with or without modifying or enlarging the conditions; (2)

extend her probationary period for not more than one year beyond the original probationary period; or (3) order execution of all or part of the sentence that was suspended at the time of initial sentencing. *See* Ind. Code § 35-38-2-3(h).

[9] Richey argues that the trial court abused its discretion when it ordered her to serve her previously suspended three-year sentence because the court "sentenced her without finding any mitigating factors."[2] Appellant's Br. at 7. A probationer who admits the allegation must be given an opportunity to offer mitigating evidence suggesting that the violation does not warrant revocation. *See Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008).

[10] After admitting that she violated her probation and to using illegal substances, Richey explained why she left the inpatient treatment center. Richey stated that she was being sexually harassed by fellow patients, which caused her to suffer anxiety. Tr. p. 11. Richey also admitted that she failed to report to probation and keep her probation officer notified of her whereabouts, but stated she did so because she was taking care of her ill grandfather.

[11] The trial court considered Richey's testimony and noted that "the goal of everyone is for Ms. Richey to get clean. If she gets clean, she's got a better chance of making good decisions." *Id.* at 23. Because voluntary treatment had not been successful, the trial court ordered executed time to be served in

---

[2] Richey cites to *Anglemyer v. State*, 875 N.E.2d 218, 219 (Ind. 2007), but the holding and analysis discussed in *Anglemyer* applies to Indiana's criminal sentencing statutes and not to a sentence imposed following revocation of probation. *See Berry v. State*, 904 N.E.2d 365, 366 (Ind. Ct. App. 2009).

Purposeful Incarceration. And upon successful competition of Purposeful Incarceration, the trial court indicated it would modify Richey's sentence and return her to probation. *Id.*

[12] The trial court thoughtfully considered Richey's circumstances when it ordered her to serve her previously suspended three-year sentence. For these reasons, we conclude that the trial court did not abuse its discretion when it revoked Richey's probation and sentenced her accordingly.

[13] Affirmed.

Bailey, J., and Bradford, J., concur.