## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 23 2019, 10:26 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

John Jacob Warrum
Mount Vernon, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Shane J. Thomas,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 23, 2019

Court of Appeals Case No.
18A-CR-1986

Appeal from the Posey Superior Court

The Honorable S. Brent Almon, Judge

Trial Court Cause No.
65D01-1712-F6-721

**Mathias, Judge.**

[1]     Shane J. Thomas ("Thomas") appeals the order of the Posey Superior Court revoking his probation and ordering him to serve the balance of his previously

suspended sentence in the Department of Correction. Thomas argues that the trial court abused its discretion in imposing the balance of his sentence because, he claims, he violated the terms of his probation only due to his fear of being unable to pay his probation fees.

[2] We affirm.

## Facts and Procedural History

[3] On December 19, 2017, the State charged Thomas with Level 6 felony operating a vehicle while intoxicated endangering a person; Level 6 felony operating a vehicle while intoxicated with a prior conviction; Class A misdemeanor operating a vehicle while intoxicated endangering a person; Class C misdemeanor operating a vehicle while intoxicated; and driving while suspended, an infraction.

[4] On January 30, 2018, Thomas entered into an agreement with the State whereby he pleaded guilty to Level 6 felony driving while intoxicated with a prior conviction and driving while suspended. In exchange, the State dismissed the remaining charges. The trial court sentenced Thomas to two years, with six months executed, and eighteen months suspended to probation.[1]

---

[1] At the time of sentencing, Thomas had served eighty-eight days in pre-trial detention and earned an additional eighty-eight days of good-time credit. Thus, he had approximately only one week remaining of his executed sentence to serve.

[5] Less than two months later, on March 9, 2018, the State filed a petition to revoke Thomas's probation, alleging that he had violated the terms of his probation by failing to attend scheduled visits with his probation officer, failing to return the telephone calls of his probation officer, missing three scheduled drug screenings, and failing to call the probation department daily as instructed. At a revocation hearing held on June 5, 2018, Thomas admitted to violating the terms of his probation as alleged in the petition. Tr. pp. 4–7. The trial court then held a dispositional hearing on July 16, 2018, at which it ordered Thomas to serve the balance of his previously suspended eighteen-month sentence. Thomas now appeals.

## Discussion and Decision

[6] To revoke probation, the trial court must make two determinations under Indiana Code section 35-38-2-3. First, the court must find that a violation has occurred by a preponderance of the evidence. Ind. Code § 35-38-2-3(f). Here, Thomas admitted to violating the terms of his probation, and he therefore makes no argument on appeal that the trial court erred by finding that he violated the terms of his probation.

[7] Second, if this threshold is met, the trial court has three options: (1) continue the person on probation, with or without modifying or enlarging the conditions, (2) extend the person's probationary period for not more than one year beyond the original probationary period, or (3) order execution of all or part of the sentence that was suspended at the time of initial sentencing. Ind. Code § 35-38-2-3(h).

[8] On appeal, we review a trial court's sentencing decision in a probation revocation proceeding for an abuse of discretion. *Jones v. State*, 838 N.E.2d 1146, 1148 (Ind. Ct. App. 2005). A trial court abuses its discretion only if its decision is clearly against the logic and effect of the facts and circumstances before it. *Berry v. State*, 904 N.E.2d 365, 366 (Ind. Ct. App. 2009).

[9] In the present case, Thomas argues that the trial court abused its discretion by ordering him to serve the balance of his previously suspended sentence. As we have recognized in our prior cases:

> Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed. If this discretion were not given to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation. . . .

*Brandenburg v. State*, 992 N.E.2d 951, 953 (Ind. Ct. App. 2013) (citing *Prewitt v. State*, 878 N.E.2d 184, 187 (Ind. 2007)) (internal quotation marks omitted), *trans. denied*.

[10] Thomas admitted that he failed to show up for scheduled appointments, failed to return calls from his probation officer, and missed three scheduled drug screens. These are not minor or technical violations, and they all occurred only a few weeks after Thomas was released on probation. In addition, the pre-sentence investigation report showed that Thomas had been charged with possession of marijuana in another county. Furthermore, Thomas had been placed on probation in the past but had never successfully completed probation.

Under these facts and circumstances, the trial court was well within its discretion to order Thomas to serve the balance of his previously suspended sentence. *See Sanders v. State*, 825 N.E.2d 952, 958 (Ind. Ct. App. 2005) (holding that trial court did not abuse its discretion by ordering defendant to serve the entirety of her previously suspended sentence where she admitted to probation violations), *trans. denied*.

[11] Thomas's main argument on appeal is that the trial court should have shown him more lenience because he claimed that he failed to show up to his appointments because he was unable to pay his probation fees. However, the trial court was under no obligation to credit Thomas's self-serving testimony in this regard. Moreover, the trial court directly addressed Thomas's excuse, saying:

> Mr. Thomas, one of the deals here is instead of, well, I may not be able to pay, I give up, you go in and proactively talk to your probation officer about that and resolve the issue. It's not an excuse just to wander off and not participate in probation or miss meetings, and nobody gets revoked for inability to pay.

Tr. p. 22. We agree wholeheartedly. If Thomas was truly concerned about his ability to pay, he should have spoken with his probation officer. Missing appointments and, more importantly, drug screens, was simply not an option.

[12] For all of these reasons, we are unable to say that the trial court abused its considerable discretion by ordering Thomas to execute the balance of his

previously suspended sentence. Accordingly, we affirm the judgment of the trial court.

[13] Affirmed.

Vaidik, C.J., and Crone, J., concur.