ATTORNEY FOR APPELLANT
Patricia Caress McMath
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Joby Jerrells
Deputy Attorney General
Indianapolis, Indiana



FILED
May 15 2008, 1:19 pm

CLERK
of the supreme court,
court of appeals and
tax court

## In the
## Indiana Supreme Court

No.  61S01-0711-CR-560

ALAN C. JONES,                                           *Appellant (Defendant below),*

v.

STATE OF INDIANA,                                        *Appellee (Plaintiff below).*

Appeal from the Parke Circuit Court, No. 61C01-0204-FA-46
The Honorable Sam A. Swaim, Judge

On Transfer from the Indiana Court of Appeals, No. 61A01-0704-CR-174

**May 15, 2008**

**Dickson, Justice.**


The defendant, Alan C. Jones, appeals from the trial court's order revoking his probation and suspended sentence, ordering him to serve the full sentence imposed, finding him to be a Sexually Violent Predator (SVP), and ordering him to register as an SVP for his lifetime.  The Court of Appeals affirmed.  Jones v. State, 873 N.E.2d 725 (Ind. Ct. App. 2007).  We granted transfer and now hold that the language of the SVP statute does not authorize a trial court to initiate an SVP determination for the first time during a probation revocation proceeding.

Early in 2002, when he was twenty-two years old, the defendant had a three-month sexual relationship with a thirteen-year old girl. As a result, the defendant was charged with four counts of Child Molestation,[1] as class A, B, and C felonies. Pursuant to a written plea agreement, the State agreed to dismiss three counts, and the defendant entered a plea of guilty to one count as a class B felony with a prescribed sentence of twenty years and ten years suspended to probation subject to specific agreed terms plus "whatever [additional] terms the Court deems appropriate." Appellant's App'x at 43. These additional terms, titled "Parke County Special Probation Conditions for Adult Sex Offenders," were expressly acknowledged and incorporated by reference in the plea agreement. *Id.* One of those additional terms required the defendant to "register with local law enforcement authorities as a sex offender within seven (7) days of being released to probation supervision in accordance with IC 5-2-12-5." Appellant's App'x at 52. After receiving credit time, the defendant was released to probation on January 6, 2006. Several months later, as part of his court-mandated probation conditions, he took a polygraph examination at a treatment facility, wherein he admitted several violations of his probation, including having sexual contact with the victim of the crime he was on probation for, viewing pornography, as well as drinking alcohol, and consuming illegal drugs. On January 23, 2007, the trial court found that the defendant had violated the terms of his probation and initiated proceedings to determine whether the defendant was an SVP. At the conclusion of an evidentiary hearing on March 1, 2007, the trial court ordered reinstatement of the ten year suspended portion of the defendant's original sentence, found that "the defendant is a serious violent predator as described in I.C. 35-38-1-7.5," and ordered the defendant "to register with local law enforcement pursuant to I.C. 11-8-8," which requires that a sex offender who is a Sexually Violent Predator must register on the Sex Offender Registry for life. Appellant's App'x at 71.

In this direct appeal from the trial court's order at the conclusion of the probation revocation proceeding, the defendant makes two claims: (1) that the trial court improperly determined him to be an SVP when "sentencing him for a probation violation," and (2) that imposing the entire balance of his ten year sentence was "an abuse of discretion and inappropriate." Appellant's Br. at 1.

---

[1] Ind. Code § 35-42-4-3(a).

**Sexually Violent Predator Determination**

The defendant contends that the trial court erred when, as part of the probation revocation proceeding, it undertook to determine that he was an SVP and ordered him to lifetime registration as an SVP. He argues that the statutory language authorizes an SVP evaluation and determination to be made at the time of the initial sentence, but not at a subsequent probation revocation proceeding. Appellant's App'x at 3.

On the date of the defendant's original sentencing, August 12, 2002, the trial court ordered that, as a condition of future probation, the defendant must register "as a sex offender . . . in accordance with IC 5-2-12-5." Appellant's App'x at 52, specifically "Parke County Special Probation Conditions for Adult Sex Offenders." When it originally sentenced the defendant, the trial court did not find the defendant to be a "sexually violent predator." At that time, the statute designated by the trial court provided that an offender's duty to register would expire ten years after the defendant is placed on probation, subject to two exceptions not applicable in this case.[2] Had the defendant been found to be an SVP when he was sentenced in 2002, he would have been required to "register for an indefinite period unless a court, assisted by a board of experts, finds that [he] is no longer a sexually violent predator." Ind. Code §5-2-12-13(b) (2001). By the time of the defendant's probation revocation proceedings, however, the statute had been amended to require a Sex Offender who is an SVP "to register for life." Ind. Code § 11-8-8-19(b) (2006).

On January 23, 2007, when the trial court found that the defendant had violated the terms and conditions of his probation, it declared that "per I.C. 35-38-1-7.5 [the court] must determine whether the [d]efendant is a 'sexually violent predator' . . . at or prior to sentencing." Appellant's App'x at 67. The following portions of the statute cited by the trial court are central to this appeal:

> (b) This section applies *whenever* a court *sentences* a person for a sex offense

---

[2] If the offender was convicted of a "sex and violent offense" upon certain designated classes of victims, or two or more "sex and violent" offenses, the offender would be required to register for life. Ind. Code §5-2-12-13(d) and (e).

listed in IC 5-2-12-4(a)(1) through IC 5-2-12-4(a)(10) for which the person is required to register with a local law enforcement agency under IC 5-2-12-5.

      (c)  At the *sentencing* hearing, the court shall determine whether the person is a sexually violent predator.  Before making a determination under this section, the court shall consult with a board of experts consisting of two (2) board certified psychologists or psychiatrists who have expertise in criminal behavioral disorders.

Ind. Code § 35-38-1-7.5 (b) and (c) (2001) (emphasis added).[3]  Focusing on the words "sentences" and "sentencing," the defendant urges that this statute authorizes an SVP determination only at the time of the original sentencing and not during a probation revocation proceeding.  The State argues that the "plain meaning of 'whenever' applies to a sentence imposed at a probation revocation," and that this is consistent with legislative intent and sound public policy.  Appellee's Br. at 7.

We are not persuaded that the word "whenever" alters the clear and plain language limiting the subsection's application to initial sentencing proceedings.  In addition to the unambiguous text of the statute, we note that Section 7.5 is located within Chapter 1, which is titled "Entry of Judgment and Sentencing," and is not located in Chapter 2, "Probation."  Furthermore, the action taken by a trial court in a probation revocation proceeding is not a "sentencing."  The court is merely determining whether there has been a violation of probation and, if so, the extent to which the court's conditional suspension of the original sentence should be modified and/or whether additional conditions or terms of probation are appropriate.

The plea agreement that served as the basis for the trial court's initial sentencing expressly included the defendant's acknowledgment that the ten year suspension of his twenty year sentence would be subject to conditions of probation, and at sentencing, the trial court's conditions included that upon his release to probation the defendant must register as a "sex offender in accordance with IC 5-2-12-5."  Appellant's App'x at 52, specifically "Parke County Special Probation Conditions for Adult Sex Offenders."  At that time, the cited statute required

---

[3] The 2007 legislature made substantial changes to Section 7.5, but these were not effective until May 10, 2007.  These amendments include the automatic designation of SVP status to persons who commit certain designated offenses.  *See* P.L. 216-2007, Sec. 37.  We note that the duty of lifetime registration resulting from an SVP determination "most assuredly has penal implications" and "runs afoul of *ex post facto* considerations."  Thompson v. State, 875 N.E.2d 403, 409 (Ind. Ct. App. 2007), *trans. denied*.

only a ten-year registration period for the defendant. Neither the plea agreement nor the trial court's sentencing judgment made any reference to the defendant as an SVP.

We conclude that the trial court was not authorized to initiate an SVP determination during the defendant's probation revocation proceedings. The defendant remains obligated, however, to register as a Sex Offender (but not as a Sexually Violent Predator) for ten years following his release from incarceration, in accordance with the probation conditions ordered with his original sentencing.

**Challenge to Penalty for Probation Violation**

The defendant also challenges the trial court's revocation of his entire suspended sentence and imposition of the full original twenty year sentence, asserting two alternative claims: (a) that the probation revocation penalty was "inappropriate in light of the nature of the offense and character of the offender" and thus warrants appellate review and revision under Indiana Appellate Rule 7(B), or (b) that the trial court's decision was an abuse of discretion.

Rule 7(B) authorizes appellate review and revision of "a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The Rule permits an appellate determination of the appropriateness of a criminal sentence and implements the permissive jurisdiction granted in Article 7, Section 4 of the Indiana Constitution: "The Supreme Court shall have, in all appeals of criminal cases, the power . . . to review and revise the sentence imposed."

As this Court has recently held, the appellate evaluation of whether a trial court's sanctions are "inappropriate in light of the nature of the offense and the character of the offender" is not the correct standard to apply when reviewing a trial court's actions in a post-sentence probation violation proceeding. Prewitt v. State, 878 N.E.2d 184, 187-88 (Ind. 2007). A trial court's action in a post-sentence probation violation proceeding is not a criminal sentence as contemplated by the rule. The review and revise remedy of App. R. 7(B) is not available.

5

On the other hand, probation violation sanctions are subject to appellate review for abuse of discretion.  Prewitt, 878 N.E.2d at 188.  And the Court of Appeals addressed and rejected the defendant's abuse of discretion claim.  On this point, we summarily affirm.  Ind. App. R. 58(A)(2).

## Conclusion

Because the SVP evaluation and determination was incorrectly first commenced during the defendant's probation revocation proceedings, we must vacate that portion of the trial court order of March 1, 2007, finding the defendant to be a Serious Violent Predator.  The defendant remains subject, however, to the trial court's order that he must register as a Sex Offender for ten years following his release from incarceration.  We also affirm that portion of the order revoking the defendant's ten-year suspension and reinstating the original sentence.

Shepard, C.J., and Sullivan, Boehm, and Rucker, JJ., concur.

6