**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MICHAEL P. QUIRK**
Muncie, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General

**LYUBOV GORE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JERRIMICA T. MADDING, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 18A04-1312-CR-608 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE DELAWARE CIRCUIT COURT
The Honorable Marianne L. Vorhees, Judge
Cause No. 18C01-1001-FC-1

**July 15, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Defendant, Jerrimica T. Madding (Madding), appeals the trial court's revocation of his probation and the imposition of his previously suspended sentence.

We affirm.

## ISSUE

Madding raises one issue on appeal, which we restate as: Whether the trial court abused its discretion by ordering Madding to serve his previously suspended sentence after he violated the terms of his probation.

## FACTS AND PROCEDURAL HISTORY

On January 15, 2010, the State filed an Information charging Madding with non-support of a child, a Class C felony, alleging that he owed at least $15,000.00 in child support payments. On June 7, 2010, Madding entered into a plea agreement with the State and agreed to plead guilty to the lesser included offense of a Class D felony non-support of a child. Pursuant to the terms of the plea agreement, the trial court sentenced him to three years, suspended to probation. As further conditions of his probation, Madding was ordered to, among others, not commit any other crimes, pay court costs and probation user fees, and make weekly child support payments of $52.83, as well as an additional $15.00 in arrears.

On September 21, 2012, the State filed a petition to revoke Madding's probation, asserting that Madding failed to report to his probation officer and pay his child support obligation. During the fact finding hearing on June 10, 2013, Madding admitted to the

violations. The trial court revoked his probation but set the dispositional hearing for September 16, 2013, "to see if [Madding] continues to report and comply." (Transcript p. 5). On November 13, 2013, after resetting the dispositional hearing several times, the trial court noted that Madding had only paid $12.00[1] in child support since the State had filed its petition to revoke probation and concluded that Madding had received ample opportunity to find continued employment and to pay his child support as ordered. The trial court also found that Madding had "worked for at least four different employers and did not pay support as ordered;" instead Madding was "using his income to support his girlfriend's children[.]" (Appellant's App. p. 59). As a result, the trial court sentenced Madding to three years executed, his entire previously suspended sentence.

Madding now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

Without disputing the validity of the revocation of his probation, Madding contends that the trial court abused its discretion by imposing his entire previously suspended sentence because this sentence is inappropriate in light of the nature of the offense and the character of the offender under Indiana Appellate Rule 7(B). Specifically, Madding maintains that the imposed sentence is inappropriate because he "complied with every rule of probation except the payment of child support." (Appellant's Br. p. 5).

---

[1] Although the trial court in its order only references a payment of $12, the transcript also includes testimony that Madding made a child support payment of $100 on June 22, 2013.

3

Indiana Appellate Rule 7(B) permits an appellate determination of the appropriateness of a criminal sentence and implements the permissive jurisdiction granted in Article 7, Section 4 of the Indiana Constitution. *Jones v. State*, 885 N.E.2d 1286, 1290 (Ind. 2008). However, this appellate evaluation is not the correct standard to apply when reviewing a trial court's action in a post-sentence probation violation proceeding. *Prewitt v. State*, 878 N.E.2d 184, 187-88 (Ind. 2007). A trial court's action in a post-sentence probation violation proceeding is not a criminal sentence as contemplated by Ind. Appellate Rule 7(B) and therefore the review and revise remedy of this rule is not available. *Id.* Probation violation sanctions are subject to appellate review for an abuse of discretion. *Id*. at 188.

Probation is a matter of grace left to the trial court's discretion, not a right to which a criminal defendant is entitled. *Id.* The trial court determines the conditions of probation and may revoke probation if the conditions are violated. *Id*. Once a trial court has exercised its grace by ordering probation rather than incarceration, the trial court should have considerable leeway in deciding how to proceed. *Id*. If this discretion were not afforded to the trial court and sentences were scrutinized too severely on appeal, a trial court may be less inclined to order probation to future defendants. *Id*. Accordingly, a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. *Id*. An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

On January 15, 2010, Madding was charged with non-support of a child after determining that he owed at least $15,000.00 in child support payments. He entered into

4

a plea agreement on June 7, 2010, and was ordered to make weekly child support payments of $52.83, as well as an additional $15.00 in arrears, as part of his terms of probation. The evidence reflects that his last payment of child support was in March 2012. In September 2012, the State filed its petition to revoke probation—Madding did not contest the petition. From September 2012 onwards, Madding only made two child support payments of $12.64 and $100 on June 7 and June 22, 2013, respectively. Despite his delinquent history of non-payment of child support, the trial court granted Madding leniency during the fact finding hearing on June 10, 2013 by allowing him another ninety days to start complying with the terms of his probation. However, Madding did not make any more child support payments between the fact finding hearing and the dispositional hearing of November 12, 2013. During this hearing, Madding admitted that despite being employed from at least midsummer to October 2013, he had foregone his obligation to his own child and instead supported his girlfriend's children, to which he was not the biological father.

In addition to not paying his child support as ordered, Madding also failed to report to his probation officer and only called to reschedule his appointments after receiving a reminder. Mindful of the trial court's discretion and given Madding's probation violations, the trial court's decision is not clearly against the logic and effect of the facts and circumstances. *See Prewitt*, 878 N.E.2d at 188.

CONCLUSION

Based on the foregoing, we conclude that the trial court did not abuse its discretion by revoking Madding's probation and imposing a three year executed sentence.

Affirmed.

ROBB, J. and BRADFORD, J. concur