## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Jul 24 2015, 10:56 am
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

James D. Crum
Coots, Henke & Wheeler, P.C.
Carmel, Indiana

ATTORNEYS FOR APPELLEES

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Anthony Levell Gregory, II, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff.* | July 24, 2015 <br><br> Court of Appeals Case No. 29A02-1502-CR-114 <br><br> Appeal from the Hamilton Circuit Court <br><br> The Honorable Paul A. Felix, Judge <br><br> Cause No. 29C01-0810-FB-97 |

**Bailey, Judge.**

# Case Summary

Anthony Levell Gregory, II ("Gregory") was convicted of two counts of Burglary, as Class B felonies.[1]  After serving the executed portion of his sentence, Gregory was placed on probation.  His probation was subsequently revoked.  Gregory now appeals the trial court's order revoking his probation and ordering him to serve the remainder of his previously suspended sentence as executed time, with one year to be served in the Indiana Department of Correction and two years to be served with Hamilton County Community Corrections.

We affirm.

# Issue

Gregory presents a single issue for our review, which we restate as whether a probation revocation sanction may be reviewed under Appellate Rule 7(B).

# Facts and Procedural History

On October 29, 2008, Gregory was arrested and charged with two counts of Burglary, as Class B felonies; Theft, as a Class D felony;[2] and Attempted Theft,

---

[1] Ind. Code § 35-43-2-1.  In light of the wide-reaching amendments our General Assembly has made to Indiana's criminal statutes, we apply the substantive provisions of our laws effective at the time of Gregory's proceedings.

[2] I.C. § 35-43-4-2.

as a Class D felony.[3]  On April 2, 2009, based upon a plea agreement, Gregory entered a plea of guilty as to the two counts of Burglary.  The State dismissed the other two charges.

[5]    On July 22, 2009, the trial court accepted the plea agreement and sentenced Gregory to ten years imprisonment for each of the two counts of Burglary, with the sentences to be served concurrent with one another.  The trial court ordered that Gregory serve six years of his term as executed time, with four years of his prison term in the Department of Correction, one and one-half years in the Hamilton County Community Corrections' Work Release Program, and six months on Home Detention.  Four years of Gregory's term were suspended to probation, with two years of that time to be served as supervised probation.

[6]    On July 6, 2012, Gregory violated the terms of his Community Corrections placement.  On November 1, 2012, the trial court ordered Gregory to serve the remainder of the executed portion of his sentence in the Indiana Department of Correction.

[7]    On October 24, 2013, Gregory was released by the Indiana Department of Correction and was placed under the supervision of the Hamilton County Probation Department.

---

[3] I.C. §§ 35-41-5-1 & 35-43-4-2.

[8] On October 28, 2014, the Probation Department filed an information alleging that Gregory had violated multiple terms of his probation. Specifically, the information alleged that Gregory had on September 9, 2014 tested positive for use of marijuana and alprazolam (a scheduled drug); had been dishonest with a probation officer with respect to his use of an illegal drug; and had, on October 7, 2014 in Fulton County, committed Driving While Suspended, as a Class A misdemeanor.

[9] After several continuances, on February 19, 2015, a fact-finding hearing on the information was conducted. During the hearing, Gregory admitted to having violated the terms of probation. The trial court accordingly found Gregory to have violated probation, and ordered Gregory to serve the three remaining years of his sentence as executed time, with one year to be served in the Indiana Department of Correction and two years to be spent under the oversight of Hamilton County Community Corrections.

[10] This appeal ensued.

# Discussion and Decision

[11] On appeal, Gregory argues that the trial court abused its discretion when it revoked his probation and ordered him to serve the remainder of his sentence as executed time in the Department of Correction and community corrections. Specifically, Gregory argues that while revocation was within the trial court's statutory discretion, we should review the revocation of probation for

inappropriateness, as if it were an original sentence under the Indiana Constitution and our Appellate Rules.

[12]    The Indiana Supreme Court has stated:

> Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled. *Sanders v. State,* 825 N.E.2d 952 (Ind. Ct. App. 2005). The trial court determines the conditions of probation and may revoke probation if the conditions are violated. Ind.Code Ann. § 35–38–2–3 (West 2007); *Goonen v. State,* 705 N.E.2d 209 (Ind. Ct. App. 1999). Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed. If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants. Accordingly, a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. *See Sanders,* 825 N.E.2d at 956. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Guillen v. State,* 829 N.E.2d 142 (Ind. Ct. App. 2005).

*Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). When faced with a probation violation, the trial court may, in its discretion, continue the probationary period, extend the probationary period for up to one year, or order that some or all of the probationer's suspended sentence be served as executed time. I.C. § 35-38-2-3(h).

[13]    In *Prewitt*, and again in *Jones v. State*, 885 N.E.2d 1286 (Ind. 2008), the Indiana Supreme Court held that application of the inappropriateness standard under Appellate Rule 7(B) was "not the correct standard to apply when reviewing a sentence imposed for a probation violation." *Prewitt*, 878 N.E.2d at 188; *Jones*, 885 N.E.2d at 1290. We are not free to determine otherwise today. We

accordingly decline Gregory's request that we reexamine the Indiana Supreme Court's decision on this matter and apply the inappropriateness standard to his probation revocation sanction.

[14] Further, we find no abuse of discretion on the trial court's part in its decision to revoke Gregory's probation in its entirety. Gregory admitted to having committed all the alleged violations of the terms of his probation, including consumption of marijuana and driving with a suspended license. Prior to being on probation, in 2012 Gregory had violated the provisions of his Community Corrections placement. Despite the Hamilton County Probation Department's recommendation of ninety days imprisonment with a return to probation, Gregory admitted his probation violation and acknowledged that the trial court would exercise its discretion in determining a sanction. Thus, we cannot conclude that the trial court's sanction was outside its discretion.

[15] Affirmed.

Riley, J., and Barnes, J., concur.