## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Lawrence M. Hansen
Hansen Law Firm, LLC
Noblesville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Barry R. Hasche, | February 29, 2016 |
| *Appellant-Defendant,* | Court of Appeals Case No. 29A02-1509-CR-1510 |
| v. | Appeal from the Hamilton Circuit Court |
| State of Indiana, | The Honorable Paul A. Felix, Judge |
| *Appellee-Plaintiff* | Trial Court Cause No. 29C01-1204-FB-3106 |

**Bailey, Judge.**

# Case Summary

Barry R. Hasche ("Hasche") challenges the probation revocation sanction requiring that he serve 1274 previously-suspended days of a sentence for child molesting. He presents the sole issue of whether the trial court abused its discretion by imposing the particular sanction. We affirm.

# Facts and Procedural History

On August 12, 2012, Hasche pled guilty to child molesting, as a Class C felony.[1] He was sentenced to six years imprisonment, with two years as a direct commitment to community corrections work release and four years suspended to probation.

In December of 2012, the State filed a notice of probation violation. The trial court found that Hasche had been non-compliant with a condition of his community corrections placement, and ordered that Hasche complete the remainder of his executed sentence in the Indiana Department of Correction ("the DOC"). Hasche was subsequently released from his incarceration in the DOC and began to serve his probationary term. In October of 2014, the State filed a second notice of probation violation, alleging that Hasche had contacted the victim of his offense and had failed to register as a sex offender. At a

---

[1] Ind. Code § 35-42-4-3.

dispositional hearing conducted on March 12, 2015, the trial court ordered Hasche to serve 186 days of his previously-suspended sentence.

[4] On June 25, 2015, the State filed a third notice of probation violation, alleging that Hasche had failed to complete a polygraph examination and had accessed the Internet without authorization. An evidentiary hearing was conducted on July 30, 2015; the trial court found that Hasche had violated a condition of probation. A dispositional hearing was conducted on August 20, 2015, at which Hasche requested a return to work release as opposed to the DOC. His probation was revoked and he was ordered to serve as executed time in the DOC 1274 days previously suspended to probation. This appeal ensued.

# Discussion and Decision

[5] Hasche claims that the order reinstating 1274 days of his sentence is excessive in light of his testimony that he lacked funds for the polygraph test and that he had accessed a gaming website as opposed to a sexually-oriented website. According to Hasche, "it stands to reason that a maximum sentence should be reserved for the worst of violators relative to a violation of probation." Appellant's Br. At 15.

[6] "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). It is within the discretion of the trial court to determine probation conditions and to revoke probation if the conditions are violated. *Id.*

[7] In appeals from a trial court's imposition of probation sanctions, we review for an abuse of discretion. *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013). An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances, or when the trial court has misinterpreted the law. *Id.*

[8] Probation revocation is a two-step process; first, the trial court makes a factual determination that a violation of a condition of probation has occurred, and second, if a violation is found, then the trial court must determine the appropriate sanction for the violation. *Id.*

[9] The court may impose the following sanctions for a violation:

> (1) Continue the person on probation, with or without modifying or enlarging the conditions.
> (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.
> (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

I.C. § 35-38-2-3(h). Accordingly, the trial court was authorized by statute to impose the sanction selected for Hasche.

[10] Hasche nonetheless contends that the trial court abused its discretion. Hasche argues that a maximum sanction is similar to a maximum sentence imposed upon a conviction; the circumstances surrounding his violation suggest that he is not among the worst offenders; and thus he should have received a lesser sanction. He asks that we "modify his sentence" or remand "for further proceedings relative to sentencing." Appellant's Br. at 17.

However, even if we were to credit Hasche's explanation for his violations, we do not conduct an independent review of probationary sanctions. In the context of probation revocation, our supreme court has determined that the Indiana Appellate Rule 7(B) standard for revision of inappropriate sentences "is not the correct standard to apply when reviewing a trial court's actions" because the action "is not a criminal sentence as contemplated by the rule." *Jones v. State*, 885 N.E.2d 1286, 1290 (Ind. 2008). Rather, the standard is one of abuse of discretion. *Heaton*, 984 N.E.2d at 616.

Hasche violated his probation, and had done so on two prior occasions. The trial court's decision to impose a maximum sanction despite Hasche's claim that he is not an egregious offender is not an abuse of discretion.

Affirmed.

Vaidik, C.J., and Crone, J., concur.