## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 27 2017, 10:11 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew R. Elliott
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Daniel Schuler,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

February 27, 2017

Court of Appeals Case No.
15A01-1606-CR-1418

Appeal from the Dearborn Circuit Court

The Honorable James D. Humphrey, Judge

Trial Court Cause No.
15C01-0305-FB-13

**Najam, Judge.**

# Statement of the Case

David Schuler appeals his sentence following the trial court's revocation of his probation. Schuler presents two issues for our review:

1. Whether the trial court abused its discretion when it sentenced him.

2. Whether his sentence is inappropriate in light of the nature of the offenses and his character.

We affirm.

# Facts and Procedural History

Following Schuler's convictions for attempted aggravated battery, as a Class B felony, and neglect of a dependent, as a Class C felony, on July 22, 2005, the trial court sentenced him to twenty years, with fourteen years suspended to probation. Schuler was released from incarceration and began his period of probation on February 6, 2007. Schuler violated the conditions of his probation and, on November 12, 2008, the trial court revoked his probation and ordered him to serve one year of his suspended sentence in the Department of Correction ("DOC"). After a second probation violation, on June 16, 2009, the trial court revoked his probation and ordered him to serve three years of his suspended sentence in the DOC. After a third probation violation, on November 24, 2010, the trial court revoked his probation and ordered him to serve five years of his suspended sentence in the DOC.

[3]     On June 17, 2015, the State charged Schuler with operating a vehicle while intoxicated, as a Class C misdemeanor, and he was found guilty as charged on October 7. On January 18, 2016, the State charged Schuler with resisting law enforcement, as a Class A misdemeanor; disorderly conduct, as a Class B misdemeanor; and criminal mischief, as a Class B misdemeanor. Accordingly, on January 25, 2016, the State filed an amended petition to revoke Schuler's probation. In that petition, the State alleged that, in addition to the charged offenses in June 2015 and January 2016, Schuler had consumed alcohol in violation of the terms of his probation. Following a fact-finding hearing, the trial court found that Schuler had violated the terms of his probation. And, following a dispositional hearing, the court revoked Schuler's probation and ordered him to serve the remainder of his suspended sentence, five years, in the DOC. This appeal ensued.

## Discussion and Decision

### *Issue One: Abuse of Discretion in Sentencing*

[4]     Schuler first contends that the trial court abused its discretion when it ordered him to serve the remainder of his suspended sentence in the DOC. Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). The trial court determines the conditions of probation and may revoke probation if the conditions are violated. *Id.*; Ind. Code § 35-38-2-3 (2016). Indiana Code Section 35-38-2-3(h) provides as follows:

> If the court finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period, the court may impose one (1) or more of the following sanctions:
>
> (1) Continue the person on probation, with or without modifying or enlarging the conditions.
>
> (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.
>
> (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

A trial court's sentencing decisions for probation violations are reviewable for an abuse of discretion. *See Prewitt*, 878 N.E.2d at 188. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

[5] In his brief on appeal, Schuler sets out the appropriate standard of review, but his argument does not directly address any alleged abuse of discretion by the trial court. Rather, in essence Schuler merely avers that his life-long alcohol addiction requires treatment that he will be unable to receive while incarcerated. For instance, Schuler states that the revocation of his "entire suspended sentence fails to address the underlying issue" of his alcohol addiction. Appellant's Br. at 10. But Schuler does not demonstrate how that bears on the trial court's discretion to sentence him under Indiana Code Section 35-38-2-3(h). Schuler's argument reads more like a narrative rather than cogent

argument. We hold that the trial court did not abuse its discretion when it ordered Schuler to serve the remainder of his previously suspended sentence.

### Issue Two: Appellate Rule 7(B)

[6] Finally, to the extent Schuler contends that his sentence is inappropriate in light of the nature of the offenses and his character, the State is correct that his sentence following his probation revocation is not subject to that review. In *Jones v. State*, 885 N.E.2d 1286, 1290 (Ind. 2008), our supreme court observed that

> the appellate evaluation of whether a trial court's sanctions are "inappropriate in light of the nature of the offense and the character of the offender" is not the correct standard to apply when reviewing a trial court's actions in a post-sentence probation violation proceeding. A trial court's action in a post-sentence probation violation proceeding is not a criminal sentence as contemplated by the rule. The review and revise remedy of App. R. 7(B) is not available.

(Citation omitted). Accordingly, we do not address Schuler's contention that his sentence is inappropriate in light of the nature of the offenses and his character.

[7] Affirmed.

Bailey, J., and May, J., concur.