## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 23 2017, 7:59 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Scott Knierim
Danville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Bradly Paul Canter,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | March 23, 2017<br><br>Court of Appeals Case No.<br>32A01-1606-CR-1289<br><br>Appeal from the Hendricks<br>Superior Court<br><br>The Honorable Stephenie LeMay-Luken, Judge<br><br>Trial Court Cause No.<br>32D05-1411-F3-10 |

**May, Judge.**

[1]     Bradley Paul Canter appeals the trial court's imposition, for his probation violations, of the 730 days remaining on his suspended sentence. Because the

type of review Canter requests is not available to challenge the sanction imposed following probation violation, we affirm.

## Facts and Procedural History

On May 14, 2015, Canter pled guilty to Level 5 felony robbery.[1]  He was sentenced to four-years imprisonment, with three years suspended to probation. On February 9, 2016, the State filed a notice of probation violation, alleging he had committed new criminal offenses, had used marijuana, and had "failed to complete substance abuse counseling as recommended by [his] Probation Officer."  (App. Vol. 2 at 13.)  On March 8, 2016, the State filed a subsequent notice of probation violation alleging Canter had failed to provide contact information to his Probation Officer.

At the evidentiary hearing on May 18, 2016, Hendricks County Probation Department Officer Megan Caruso testified Canter had not provided her with a valid address or a working phone number, he had not made the appointments required to qualify for Work Release or Home Detention, he failed a urinalysis due to marijuana use, and he failed to complete the substance abuse counseling. Canter testified he had smoked marijuana "approximately three (3) times."  (Tr. at 22.)

---

[1] Ind. Code § 35-42-5-1 (2014).

[4] Based on the evidence presented, the trial court found the State had proven all the allegations except the new criminal offense, as that matter had not gone to trial at the time of the hearing. The trial court then terminated Canter's probation and ordered him to serve the remaining 730 days of his sentence at the Indiana Department of Correction.

# Discussion and Decision

[5] Canter's sole argument on appeal is that "the sentence of 730 days to the Indiana Department of Corrections [sic] was inappropriate under Indiana Appellate Rule 7(B)." (Appellant's Br. at 7.)

> Rule 7(B) authorizes appellate review and revision of "a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The Rule permits an appellate determination of the appropriateness of a criminal sentence and implements the permissive jurisdiction granted in Article 7, Section 4 of the Indiana Constitution: "The Supreme Court shall have, in all appeals of criminal cases, the power . . . to review and revise the sentence imposed."
>
> As this Court has recently held, the appellate evaluation of whether a trial court's sanctions are "inappropriate in light of the nature of the offense and the character of the offender" is not the correct standard to apply when reviewing a trial court's actions in a post-sentence probation violation proceeding. *Prewitt v. State*, 878 N.E.2d 184, 187-88 (Ind. 2007). A trial court's actions in a post-sentence probation violation proceeding is not a criminal sentence as contemplated by the rule. The review and revise remedy of App. R. 7(B) is not available.

*Jones v. State*, 885 N.E.2d 1286, 1289-90 (Ind. 2008). Because Canter's only argument on appeal is unavailable,[2] we affirm the trial court's imposition of the 730 days remaining on Canter's sentence.

[6]     Affirmed.

Najam, J., and Bailey, J., concur.

---

[2] Sanctions for probation violations "are subject to appellate review for abuse of discretion." *Jones*, 885 N.E.2d at 1290. Canter has not argued the trial court abused its discretion and, thus, any such argument is waived for appeal. Waiver notwithstanding, we would not find an abuse of discretion in the imposition of 730 days, as the State provided sufficient evidence Canter violated his probation. *See, e.g., Crump v. State*, 740 N.E.2d 564, 573 (Ind. Ct. App. 2000) (court did not abuse discretion in ordering Crump to serve eight years that had been suspended because court had properly found his violation and revoked probation), *trans. denied*; *see also* Ind. Code § 35-38-2-3 (permitting court to "[o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing" when revoking probation).