## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Jun 11 2018, 6:48 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Marietto V. Massillamany
Massillamany Jeter & Carson LLP
Fishers, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lee M. Stoy, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Sergio Villegas-Solache,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

June 11, 2018

Court of Appeals Case No.
18A-CR-236

Appeal from the Hamilton Circuit
Court

The Honorable Paul A. Felix,
Judge

Trial Court Cause No.
29C01-1404-FC-2797

**Baker, Judge.**

[1] Sergio Villegas-Solache appeals the sentence imposed by the trial court after it revoked his probation. Villegas-Solache argues that the trial court violated the parties' plea agreement and that it erred by failing to consider certain mitigating circumstances. Finding that the plea agreement was not violated and no other error, we affirm.

## Facts

[2] On October 24, 2014, Villegas-Solache pleaded guilty to Class C felony operating a motor vehicle after forfeiture of license for life. The plea agreement contained the following sentencing provisions:

| | |
|---|---|
| Total sentence: | Five (5) years in the Indiana Department of Correction. |
| Executed: | Two (2) years executed with the placement of the executed term left to the discretion of the court. However, the portion ordered to be served directly in the Indiana Department of Correction (i.e., not on a community corrections placement) may not exceed six (6) months. |
| Suspended: | Three (3) years shall be suspended. |

*** 

| | |
|---|---|
| Probation: | Defendant shall be placed on probation for a period of two (2) years . . . . |

Appellant's App. Vol. II p. 51 (original emphases omitted).  After accepting the plea, the trial court sentenced Villegas-Solache to five years in the Department of Correction (DOC), with two years to be served on community corrections and three years suspended, with two of those years to be served on probation.

[3]     On August 31 and September 2, 2015, the State filed a notice of non-compliance with community corrections and a notice of violation of probation, respectively, after Villegas-Solache failed a drug test.  He admitted to the violation.  On February 2, 2017, Villegas-Solache admitted to a second probation violation.  The trial court ordered him to continue on probation, added another year to his probation, and revoked one year of his suspended sentence, ordering that it be served on community corrections.

[4]     On September 1, 2017, the State filed a third notice of violation of probation after Villegas-Solache was charged with committing Level 5 felony operating a motor vehicle after forfeiture of license for life.  He pleaded guilty to the new criminal charge and admitted to violating probation in this cause.

[5]     On January 18, 2018, the trial court revoked his probation in this cause, ordering that he serve 365 days in the DOC and continue on probation for the remainder of his sentence.  In revoking probation, the trial court took into account that Villegas-Solache had pleaded guilty and taken responsibility for his actions quickly.  The trial court explained its decision as follows:

> here you are again in front of me in this cause number, now not
> for a technical violation of a Community Corrections placement
> or probation but because you committed the exact same crime

that you were in front of me for in the first place. I hardly ever think it's appropriate, and I'm not convinced or persuaded in this case that it is, that I should do something more lenient the second or third time around than I did the first time.

Tr. p. 37. Villegas-Solache now appeals.

# Discussion and Decision

Villegas-Solache first argues that the trial court exceeded the terms of the plea agreement when it ordered him to serve 365 days in the DOC after revoking his probation. Indiana Code section 35-38-2-3(h) provides that if the trial court finds that a person has violated probation, it has a number of sentencing options, including to "[o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing." We will reverse a trial court's sentencing decision for a probation violation only if it is against the logic and effect of the facts and circumstances before it. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007).

If a trial court accepts a plea agreement, it is bound by its terms. Ind. Code § 35-35-3-3(e). If a trial court accepts a plea agreement and then later revokes the defendant's probation, the trial court is not free to ignore the plea agreement: "[a] plea agreement does not disappear after the trial court imposes its initial sentence." *Cox v. State*, 850 N.E.2d 485, 489 (Ind. Ct. App. 2006).

Villegas-Solache contends that his plea agreement prevented the trial court from ordering him to serve more than six months of his sentence in the DOC. We disagree. The plea agreement states that his total sentence would be five years

in the DOC and that, *at the time he was originally sentenced*, the trial court could not send him "directly" to the DOC for more than six months. Appellant's App. Vol. II p. 51. In other words, the plea agreement spells out how his sentence would be served *initially*. For example, the plea agreement also states that three years of his sentence would be suspended, but that certainly does not mean that the suspended portion of the sentence could not be modified if he violated probation. Here, Villegas-Solache violated probation three times, and the third time was the last straw for the trial court. After revoking his probation, the trial court did not go beyond the bounds of the plea agreement by ordering that Villegas-Solache serve 365 days in the DOC.

[9] Next, Villegas-Solache argues that the trial court erred by failing to take certain mitigators into account when imposing his sentence following the probation revocation. A trial court is not required to consider mitigating factors when imposing sanctions for probation revocations. I.C. § 35-38-2-3. Villegas-Solache directs our attention to authority standing for the proposition that a trial court must consider mitigating evidence suggesting that a probation violation does not warrant revocation, *see Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008), but that caselaw is inapposite to the case before us. In this case, Villegas-Solache does not appeal the trial court's decision to revoke probation; instead, he appeals the sentence imposed following the revocation. There is no authority requiring a trial court to consider mitigating circumstances in that part of the process.

[10] Moreover, the only mitigating circumstance proposed by Villegas-Solache on appeal is the fact that he took responsibility for his actions by pleading guilty to the new criminal charge. The trial court explicitly took note of this fact when deciding on the sentence. Therefore, although the trial court was not required to do so, it did, in fact, consider this mitigating evidence.[1]

[11] The judgment of the trial court is affirmed.

Kirsch, J., and Bradford, J., concur.

---

[1] Villegas-Solache also suggests briefly that the sentence is inappropriate in light of the nature of the offense and his character under Indiana Appellate Rule 7(B). It is well established, however, that "[t]he review and revise remedy of App. R. 7(B) is not available" in a post-sentence probation violation proceeding. *Jones v. State*, 885 N.E.2d 1286, 1290 (Ind. 2008). Therefore, we will not consider this argument.