## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 12 2020, 11:03 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kay A. Beehler
Terre Haute, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Megan M. Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

David M. Riley,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 12, 2020

Court of Appeals Case No.
19A-CR-2109

Appeal from the Vigo Superior Court

The Honorable John T. Roach, Judge

Trial Court Cause Nos.
84D01-1805-F6-1607
84D01-1805-F6-1677

**Shepard, Senior Judge.**

[1]     David M. Riley appeals the sentence the trial court imposed after determining he violated the terms of his probation.  We affirm.

[2] On May 1, 2018, the State charged Riley with auto theft, a Level 6 Felony. On May 17, 2018, he was additionally charged with residential entry, a Level 6 Felony, and battery resulting in bodily injury, a Class A misdemeanor. At the time, Riley also faced an earlier charge of auto theft. As part of his pre-trial release, Riley was ordered to participate in the Vigo County Sheriff's GPS monitoring program and to undergo a mental health evaluation at the Hamilton Center. He was subsequently admitted into the residential treatment program at Hamilton Center, also known as Oak Street.

[3] Less than a month later, the State petitioned to revoke Riley's pre-trial release placement, claiming he failed to comply with the program's call-in requirements, received five reports for failing to obey staff, and continued to use methamphetamine resulting in multiple positive drug screens.

[4] On July 13, 2018, Riley entered into a plea agreement with the State in the Vigo Superior Court to plead guilty to two counts of auto theft as Level 6 Felonies in case numbers 84DO1-1805-F6-1573 and 84D01-1805-F6-1607, and to residential entry as a Level 6 Felony.[1] The State dismissed the battery charge. At sentencing, Riley received one year for each cause, to be served consecutively, all of which was suspended to probation with the condition that he successfully complete the program at Oak Street. He was then released to Oak Street. About a month and a half after beginning probation, however, the

---

[1] The sentence for the earlier charge of auto-theft, case number 84D01-1805-F6-1573, had been fully served; therefore, was not an issue for this appeal.

court received notice from the State that Riley was not compliant with the program. He failed to abide by the rules and tested positive for methamphetamine; therefore, he failed to complete the program at Oak Street per court order. Riley's Adult Probation Officer filed a notice of probation violation with the court, recommending that a hearing be held.

[5] On March 15, 2019, the trial court held an evidentiary hearing and revoked Riley's probation. Following Riley's revocation, multiple dispositional hearings occurred with the last one concluding on June 7, 2019. On the same day, Riley was subsequently placed back on probation, under the following conditions:

> [D]efendant shall report daily to his probation officer; be placed on the drug screen call-in line; and get into treatment at [Oak Street]. These additional conditions shall continue until such time as a bed becomes available at [Oak Street]. At that time, defendant shall immediately enroll in that program and he is required to successfully complete the same.

Appellant's App. Vol. 2, p. 65.

[6] At the time the trial court issued its order, there were no beds available at Oak Street. Riley contacted Oak Street three times and was told there were no beds available. Riley's probation officer also attempted to contact Oak Street but did not receive any response. During the first four weeks of his new try at probation, Riley repeatedly tested positive for methamphetamine and THC, in addition to failing to provide a required drug screen. Appellant's App. Vol. 2, pp. 67-68.

[7] Riley's Adult Probation Officer filed a second notice of probation violation on July 15, 2019. On August 29, 2019, Riley admitted to violating his probation, and the trial court sentenced him to one year and 110 days, after credit time applied, in the Vigo County Jail, with the possibility of modification after serving 110 days.

[8] Riley argues that the trial court imposed an inappropriate sentence in response to his probation violation, citing Indiana Appellate Rule 7(B). Appellate Rule 7(B) "is not the correct standard to apply when reviewing a trial court's actions in a post-sentence probation violation proceeding." *Jones v. State*, 885 N.E.2d 1286, 1290 (Ind. 2008); *see also Prewitt v. State*, 878 N.E.2d 184 (Ind. 2007). Abuse of discretion is the correct standard by which a probation revocation should be reviewed, as the trial court's action in sentencing for a probation violation is not a criminal sentence as contemplated by Ind. App. Rule 7(B). *Jones*, 885 N.E.2d at 1290.

[9] Probation, as opposed to incarceration, is a "matter of grace" and a "conditional liberty that is a favor, not a right." *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999) (quoting *Million v. State*, 646 N.E.2d 998, 1002 (Ind. Ct. App. 1995)). "Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed." *Prewitt*, 878 N.E.2d at 188. This amount of discretion allows trial judges to choose an alternative sentence, whereas higher scrutiny would discourage trial court judges from extending that grace by ordering probation to future defendants. *Id*; *see also Cox*, 706 N.E.2d at 550 ("obstacles to revoking an

alternative sentence may diminish the likelihood of community corrections placements being made in the first place"). While Indiana case law promotes uniformity by creating guidelines and standards for sentencing discretion, it does not so do "at the expense of individualized consideration of each offender and their offense." David J. Bodenhamer & Hon. Randall T. Shepard, The History of Indiana Law, p. 124 (Ohio Univ. Press 2014).

[10] We exercise responsibility on appeal with restraint, recognizing the expertise of trial courts in making sentencing decisions, and in this particular case, the trial judge's familiarity with the facts of the case and the judge's repeated in-person interactions with Riley.

[11] The trial court duly recognized Riley's struggle with addiction noting "that pipe's got [a] hold on you. And [I] recognize that and [I] know it's hard to kick[,]" but also recognized that "[we] set you up, we give you treatment, back in; we set you up, give you treatment, back in, and I don't know what else to do with you." Tr. Vol. 2, pp. 19, 21. "At some point, you have to work harder than we are to keep yourself out." *Id.* at 20. Riley exhibited an unwillingness or inability to conform his behavior to the law, displayed by the violation of his pre-trial release and the repeated violations of his probation. In addition, the trial judge directed that after 110 days of incarceration, Riley might seek a modification of his sentence if he was able to enroll in a legitimate treatment facility outside of Vigo County. *Id.* at 20-21.

[12]  Based on Riley's repeated violations of court orders and probation, the trial court did not abuse its discretion in revoking probation and ordering Riley to serve the remainder of his sentence.

[13]  For the foregoing reasons, we affirm the judgment of the trial court.

Crone, J., and Altice, J., concur.