## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 02 2020, 10:16 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michael B. Troemel
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Justin R. Brightwell, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | July 2, 2020 <br><br> Court of Appeals Case No. <br> 19A-CR-2044 <br><br> Appeal from the <br> Clinton Circuit Court <br><br> The Honorable <br> Bradley K. Mohler, Judge <br><br> Trial Court Cause No. <br> 12C01-1704-F1-334 |

**Vaidik, Judge.**

# Case Summary

[1] Following a jury trial, Justin Brightwell was convicted of two counts of Level 1 felony child molesting and two counts of Class A felony child molesting, and the trial court imposed an aggregate sentence of 105 years. Brightwell now appeals, arguing that his sentence is inappropriate. We affirm.

# Facts and Procedural History

[2] In 2006, sixteen-year-old Brightwell was found to be a juvenile delinquent for committing what would be two counts of Class B felony burglary if committed by an adult. As part of the disposition in that case, Brightwell was required to participate in counseling. *See* Tr. Vol. III p. 132. Through counseling, he was diagnosed as having sexually abusive behaviors and had to complete a sexually abusive youth program. Appellant's App. Vol. II p. 23.

[3] Brightwell's son, Z.B., was born in February 2008. Brightwell had been in a relationship with Z.B.'s mother, M.H., but the relationship ended before Z.B. was born. Z.B. has always lived with his mother but regularly visited Brightwell on the weekends.

[4] In 2009, Brightwell was convicted of Class B felony dealing in a controlled substance. He was sentenced to ten years, with six years executed and four years suspended to probation. He served one-and-a-half years in the Department of Correction before being released to serve the remaining executed portion of his sentence on work release and/or community corrections.

In 2010, Brightwell began dating M.S. Soon after, M.S. and her three-year-old son, S.R., moved in with Brightwell. The relationship lasted about a year, and in 2011, M.S. and S.R. moved out. By then, Brightwell had become a "father figure" to S.R., and S.R. visited Brightwell on the weekends until he was about five or six years old. Tr. Vol. II p. 227. At some point thereafter, Brightwell was reincarcerated in connection with his Class B felony dealing-in-a-controlled-substance conviction. By 2016, he had again been released and was placed on supervised probation. He had also restarted his weekend visits with Z.B.

On December 2, 2016, eight-year-old Z.B. went to Brightwell's house for a weekend visit. When Z.B. was returned to his mother on December 4, he told her that Brightwell had molested him. The next day, December 5, M.H. and Z.B. went to the Frankfort Police Department to report the molestation. A forensic interview of Z.B. was conducted that day. During the interview, Z.B. said that while he was visiting Brightwell on December 2, Brightwell told him to go upstairs to Brightwell's bedroom and take his clothes off.[1] *See* Ex. 1; *see also* Appellant's App. Vol. II p. 16. Z.B. said that Brightwell then took his own clothes off, placed Z.B. face down on the bed, and put his penis into Z.B.'s "butt." Appellant's App. Vol. II p. 16; *see also* Ex. 1. Z.B. said that "this hurt, and he cried." Appellant's App. Vol. II p. 16. Z.B. said that Brightwell then carried him into the bathroom where Brightwell "again put his 'thing' into

---

[1] The parties agreed that Z.B.'s forensic interview would be played for the jury instead of having him give live testimony. *See* Tr. Vol. II p. 28.

Z.B.'s butt, moving back and forth and causing Z.B.'s head to hit the wall." *Id.* Z.B. explained that Brightwell then told him to "clean his back, butt, and private parts good." *Id.* Z.B. also disclosed that there was another boy, S.R., who he had seen being molested by Brightwell. After his forensic interview, Z.B. was taken to Riley Hospital for Children for a sexual-assault exam. A detective spoke with Brightwell, who denied the allegations.

[7] The next day, December 6, the detective spoke with S.R.'s mother, who said that she never suspected Brightwell of touching S.R. but that S.R. "had started self-stimulating himself, and these behaviors ceased when she left" Brightwell in 2011. *Id.* at 17. Four months later, in March 2017, S.R. disclosed to his therapist that Brightwell had been molesting him. A forensic interview of S.R. was conducted, and S.R. disclosed that Brightwell had molested him when he was only three or four years old. S.R. also said that there was one instance when Brightwell had "spit in [his] hand and touched himself before putting his penis into '[S.R.] and Z.B.'s butt.'"[2] *Id.* During his interview, S.R. was nervous and asked the interviewer, "Please don't tell the cops." Tr. Vol. III p. 87. Later that same month, lab results from Z.B.'s sexual-assault exam were returned, showing Brightwell's DNA on the back of Z.B.'s underwear.

[8] The detective re-interviewed Brightwell and explained that he had new information, including the new allegations made by S.R. and the lab results

---

[2] The parties agreed that S.R.'s forensic interview would be played instead of having him give live testimony. *See* Tr. Vol. II p. 28.

from Z.B.'s sexual-assault exam, showing Brightwell's DNA on the back of Z.B.'s underwear. This time, Brightwell admitted molesting Z.B. on three occasions but denied doing anything to S.R. Brightwell said that the first time he molested Z.B. was sometime in 2012 (when Z.B. would have been three or four years old), and that he "rubbed his penis between [Z.B.'s] butt che[e]ks until he climaxed." Appellant's App. Vol. II p. 17; *see also* Ex. 11. Brightwell said that the second time he molested Z.B. was in August 2016, and that he "had Z.B. perform oral sex on him, but was unsure if he climaxed." Appellant's App. Vol. II p. 17; *see also* Ex. 11. Brightwell stated that the final incident occurred on December 2, 2016—just as Z.B. had reported—and that he "had Z.B. manually stimulate his penis with Z.B.'s hand before placing it partially into Z.B.'s anus." Appellant's App. Vol. II p. 17; *see also* Ex. 11.

[9] In April 2017, the State charged Brightwell with two counts of Level 1 felony child molesting, one count for molesting Z.B. in August 2016 and the other for molesting Z.B. in December 2016, and two counts of Class A felony child molesting, one count for molesting Z.B. in 2012 and the other for molesting S.R. in 2012. At the time Brightwell was alleged to have committed the 2016 offenses, he was on probation for his Class B felony dealing-in-a-controlled-substance conviction, so the State filed a petition alleging that he violated his probation by committing new crimes. In April 2019, a jury trial was held, and the jury found Brightwell guilty on all four counts.

[10] At sentencing in June 2019, the trial court found no mitigators and the following aggravators: (1) Brightwell's criminal history (a juvenile proceeding,

including a true finding for two counts of Class B felony burglary if committed by an adult and one conviction for Class B felony dealing in a controlled substance as an adult); (2) the fact that Brightwell was on probation for Class B felony dealing in a controlled substance when he committed the 2016 offenses; (3) the fact that Brightwell was charged with Level 5 felony attempted obstruction of justice while incarcerated and awaiting trial in this case; (4) the fact that the harm, injury, loss, or damage done to the victim was greater than necessary to establish the elements of the offense, specifically that Brightwell "caused the physical pain of ramming [Z.B.'s] head into the bed board or the wall"; (5) the fact that the victims were both less than twelve years of age; and (6) the fact that Brightwell was in a position of care, custody, or control as Z.B.'s father and as a father figure to S.R. Tr. Vol. III pp. 144-45. The trial court also noted that Z.B. and S.R. both reported being molested in 2012 when they were "real young"—approximately three or four years old—and that there was a gap until 2016, during which time Brightwell was in custody in connection with his Class B felony dealing-in-a-controlled-substance conviction. *Id.* at 146. The trial court concluded that "[a]bout the only time you haven't been molesting [was during] your other case. Uhm, and so there's a -- real risk to society for you being out." *Id.*

[11] The court sentenced Brightwell to thirty-five years for each count. It ordered Counts 1 and 2 to be served concurrently, Count 3 to be served consecutive to Counts 1 and 2, and Count 4 to be served consecutive to Count 3, for an aggregate term of 105 years. The trial court noted that it was ordering

consecutive sentences for Counts 3 and 4 because there were two separate victims. *See id.*

[12] Brightwell now appeals his sentence.

# Discussion and Decision

[13] Brightwell contends that his 105-year sentence amounts to a life sentence and that a life sentence is inappropriate in this case. *See* Appellant's Br. p. 14. Under Indiana Appellate Rule 7(B), this Court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." "Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Thompson v. State*, 5 N.E.3d 383, 391 (Ind. Ct. App. 2014) (citing *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008)). Because we generally defer to the judgment of trial courts in sentencing matters, defendants have the burden of persuading us that their sentences are inappropriate. *Schaaf v. State*, 54 N.E.3d 1041, 1044-45 (Ind. Ct. App. 2016).

[14] The sentencing range for a Class A felony is twenty to fifty years, with an advisory sentence of thirty years. Ind. Code § 35-50-2-4(a). The sentencing range for Level 1 felony child molesting—involving sexual intercourse or deviate sexual conduct—is twenty to fifty years, with an advisory sentence of

thirty years. Ind. Code § 35-50-2-4(c). As such, Brightwell faced as many as 200 years. The trial court sentenced him to thirty-five years on each count, five years above the advisory sentence for each, with three of those terms to run consecutively. This resulted in an aggregate sentence of 105 years, compared to the 200-year sentence that he could have received.

[15] There is nothing about Brightwell's offenses that requires a revision of his sentence. Brightwell admitted molesting his son, Z.B., on three occasions: rubbing his penis between Z.B.'s butt cheeks until he climaxed in 2012, forcing Z.B. to perform oral sex on him in August 2016, and anally penetrating Z.B. in December 2016. The trial court also found that Brightwell was in a position of care, custody, and control for both of his victims. Specifically, Brightwell took advantage of his weekend visits with his son to molest him. He also molested S.R., a young boy who saw Brightwell as a father figure, during his weekend visits. Years later, S.R. was still worried about Brightwell, asking the forensic interviewers not to tell police about the molestations. *See* Tr. Vol. III p. 87. The trial court also found that the harm done was greater than the elements required to establish the offense. Specifically, the trial court found that Brightwell caused Z.B. physical pain during the December 2016 molestation by "ramming" his son's head into the "bed board or wall." *Id.* at 144. Finally, the court found that both Z.B. and S.R. were under twelve years old when Brightwell molested them. Specifically, Z.B. and S.R. were both only three or four years old when Brightwell molested them in 2012. And Z.B. was only eight years old when Brightwell resumed molesting him in 2016.

[16] Regarding Brightwell's character, his criminal history supports his sentence. According to the pre-sentence investigation report, twenty-nine-year-old Brightwell had been convicted of Class B felony dealing in a controlled substance and had a true finding that resulted in a juvenile adjudication for what would be two counts of Class B felony burglary if committed by an adult. The pre-sentence investigation report also shows that as part of the disposition of his juvenile case, Brightwell had to participate in counseling and was diagnosed as having sexually abusive behaviors. Following his diagnosis, Brightwell was required to complete a sexually abusive youth program. *See* Appellant's App. Vol. II p. 26. Clearly, Brightwell did not benefit from that program. Moreover, when Brightwell committed the 2012 molestations, he was still serving the executed portion of his sentence for his Class B felony dealing-in-a-controlled substance conviction. He was on probation for that same conviction when he committed the 2016 molestations. Finally, as the trial court noted, about the only time that Brightwell wasn't molesting his victims was while he was in custody in connection with his conviction for Class B felony dealing in a controlled substance. *See* Tr. Vol. III p. 146. The trial court concluded that this showed that Brightwell had failed to reform his behaviors while incarcerated and was a "real risk to society." *Id.*

[17] For all of these reasons, we cannot say that Brightwell's 105-year aggregate sentence is inappropriate.[3]

[18] Affirmed.

May, J., and Robb, J., concur.

---

[3] Brightwell was also ordered to serve 1,200 days for violating his probation for his Class B felony drug-dealing conviction, consecutive to his 105-year sentence in this case. Brightwell repeatedly mentions this fact in his brief, but it does not change our conclusion that the 105-year sentence is not inappropriate. To the extent he seeks to separately challenge the probation sanction, he did not file an appeal in that cause number, and in any event, probation sanctions are not subject to Rule 7(B) review. *See Jones v.* State, 885 N.E.2d 1286, 1290 (Ind. 2008) (probation-violation sanctions are not criminal sentences contemplated by Indiana Appellate Rule 7(B)).